262 So.2d 902 (1972)
Larry Bernard COLE, Appellant,
v.
The STATE of Florida, Appellee.
No. 71-1151.
District Court of Appeal of Florida, Third District.
May 30, 1972.
*903 Phillip A. Hubbart, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., CHARLES CARROLL, J., and HARDING, MAJOR B., Associate Judge.
CARROLL, Judge.
By information the appellant was charged in one count with robbery and, in two counts, with assaults on separate persons with intent to commit murder in the first degree. He pleaded not guilty, was tried by jury and convicted of said offenses. The court sentenced the appellant to imprisonment in the state penitentiary for ninety years on the robbery count and to twenty years (the maximum provided for by law) on each of the two counts for assault with intent to commit murder, with provision for the sentences to be served consecutively.
On this appeal therefrom the appellant contends that because of the length of the combined sentences they constituted cruel and unusual punishment in violation of a constitutional guarantee against such, and that the sentences should be reversed because the court imposed them without a presentence investigation and without an evidentiary hearing on mitigation. Further, appellant contends the judgment should be reversed because for closing argument defendant's counsel was limited to twenty minutes.
The several sentences imposed were within the range authorized by law respectively for the offenses involved (§ 813.011 Fla. Stat., F.S.A. for robbery; § 784.06 (with § 782.04) for assault with intent to commit murder.) Validity of the statutes providing for such sentences was not challenged by appellant. The fact that a sentence imposed upon conviction for an offense is for the maximum provided therefor by law furnishes no basis to hold it is cruel and unusual punishment. Brown v. State, 152 Fla. 853, 13 So.2d 458; Chavigny v. State, Fla.App. 1959, 112 So.2d 910, 915; Castle v. United States, 5 Cir.1968, 399 F.2d 642, 652. Where a sentence is in conformity to the law, it is not subject to question on appeal as to excessiveness on the basis of its relation to the circumstances of the case. Chavigny v. State, supra, Infante v. State, Fla.App. 1967, 197 So.2d 542, 544. The direction by the trial court for the sentences to be served consecutively did not operate to make the several lawful sentences constitute cruel or unusual punishment. That action of the court was authorized by § 921.16 Fla. Stat., F.S.A. See Chavigny v. State, Fla.App. 1964, 163 So.2d 47.
In Brown v. State, supra, the Supreme Court said:
"* * * The law appears to be well settled, as stated in 15 American Jurisprudence 174, Sec. 526, as follows: `As a general rule, in cases where the objection is to the particular sentence, and not to the statute under which it has been imposed, a sentence which is within the limit fixed by statute is not cruel and unusual and is therefore valid, no matter how harsh and severe it may appear to be in a particular case, because the constitutional prohibition has reference to the statute fixing the punishment, and not to the punishment assessed by the jury or court within the limits fixed by statute. If the statute is not in violation of the Constitution, then any punishment assessed by a court or jury within the limits fixed thereby cannot be adjudged *904 excessive, for the reason that the power to declare what punishment may be assessed against those convicted of crime is not a judicial power, but a legislative power, controlled only by the provisions of the Constitution.' See authorities cited under text. See also 15 Am.Jur. 171, 173.
"Applying the above stated principles of law, the majority of the Court, as pointed out above, hold that the legislature has by statute fixed the maximum punishment which may be imposed for violation of the provisions of the statutes, and, therefore, it is within the province of the trial court to fix by sentence the punishment within the limits prescribed by statute. If in any particular case the sentence and punishment imposed thereunder appears to be excessive, that is a matter which should be presented to the State Board of Pardons for the exercise of its power of commutation and is not a matter for review and remedy by the appellate court."
We find absence of merit in the argument of the appellant that the sentences should be set aside and the cause remanded for resentencing because of absence of a presentence investigation or failure of the court to accord the defendant an evidentiary hearing on mitigation.
The absence of a presentence investigation does not affect the validity of the sentences. The rule of criminal procedure relating to presentence investigation (Rule 3.790 CrPR, 33 F.S.A.) deals therewith in connection with the instances where probation or suspension of sentence are under consideration by the court.
Rule 3.780 CrPR relating to inquiry into mitigating or aggravating circumstances prior to sentence, provides: "When the court has discretion as to the penalty to be inflicted on the defendant, it shall, upon the suggestion of either party that there are circumstances which may properly be taken into consideration, hear evidence as to the same summarily in open court, either immediately or at a specified time and upon such notice to the adverse party as the court may direct; or the court may inquire into such circumstances on its own motion."
Here the attorney for the defendant requested that the court postpone sentencing to permit presentation of evidence as to the mitigation. However, the attorney for the defendant did not, as contemplated in that rule, inform the court of any "circumstances which may properly be taken into consideration," and did not name any witnesses intended to be presented or reveal the evidence which they might submit; nor was there a proffer of any such mitigation evidence. The court did not deny opportunity to present matters of mitigation, but only refused to postpone the sentencing on counsel's blanket request for postponement for such purpose.
In the absence of a showing of need for postponement, the court was authorized by the rule to proceed. The defendant and his attorney were given opportunity by the court at that time, prior to the sentencing, to make statements on the defendant's behalf. The trial had extended over a two-day period, and the defendant had taken the stand and testified in his own behalf. The circumstances of the case had been fully presented in the evidence, from which, with the colloquy after verdict and prior to sentencing, the court had been made aware of prior convictions and imprisonment of the defendant for breaking and entering, grand larceny and buying and receiving stolen property, and had been informed of a more recent arrest of the defendant in Key West on a charge of armed robbery, which later was dismissed. In the circumstances we hold no necessity to set aside the sentences was shown.
In the argument here it was contended on behalf of the appellant the sentences *905 imposed were unjustified and should not be permitted to stand because prior to trial the state attorney (with no showing that the trial judge had knowledge thereof) had offered to recommend to the court the acceptance of a plea of guilty by the defendant with a sentence of fifteen years imprisonment thereon. That offer by the state, in preliminary plea bargaining between the state attorney and the defendant, had been rejected by the defendant, who elected to stand trial.
The appellant argues that imposition of maximum sentences for the offenses of which he was found guilty amounted to penalizing him for going to trial instead of pleading guilty. We find no basis in this record for such an assumption. Not only were the sentences imposed expressly provided for by law, but the facts of the case were not such as to invite leniency in sentencing. The conviction of the defendant necessarily implies the jury found the facts to be as indicated by the state's evidence. Thereby it was shown the defendant hijacked a truck at gunpoint, pistol whipped the driver and threw him out of the truck while traveling at thirty miles per hour, and that when about to be apprehended he fired several shots at two police officers, one at close range.
We reject as unsound the contention of the appellant that limitation of the closing argument of the attorney for defendant to twenty minutes should be ground for reversal. In a case of this kind the court may impose a reasonable limitation on the time for argument by counsel. Here the attorney for the defendant objected when the court announced that twenty minutes would be allowed for the argument, but examination of the record shows the argument of the state was brief, covering only six pages in the record and that the argument on behalf of the defendant, covering some sixteen pages of the record, appeared to be complete. We note that the court did not cut off further argument by the attorney for the defendant, and that at the conclusion of his argument there was no request by the defendant's attorney for permission to continue.
No reversible error having been demonstrated, the judgment is affirmed.