PER CURIAM.
Defendant, Melvin J. Blackman, Jr., seeks review of the final judgment of conviction on two counts of robbery rendered pursuant to a jury verdict and the sentence of the Criminal Court of Record, in and for Dade County, Florida.
Defendant entered a plea of not guilty and demanded trial by jury. On November 5, 1971 defendant’s case was called for trial and a plea negotiation session was conducted in open court involving the prosecutor, the defense counsel and the court. The record on appeal reveals the following conversation concerning the length of the sentence to be imposed upon a plea of guilty:
“MR. BROWN: Your Honor, excuse me. The State was willing to accept a plea to 20 years.
“MRS. SCHWARTZ: State is not willing. That was before the State knew of the facts from the time he was 16 and the incidents at that time.
We are not willing to take a plea to 20 years. The State is asking for 99 years or life.
“MR. BROWN: If the Court were thinking in terms of 20 years, then I would like additional time to discuss it with my client.
“MRS. SCHWARTZ: Judge—
“THE COURT: The record is what bothers me, Mr. Brown.
Now, you know the one we had yesterday, he had a record and he had been on probation but it was a minor thing, and you know what happened there.
“MR. BROWN: Right.
“THE COURT: If he has the type record — I haven’t seen it. I only know what you people have told me, and I don’t look at it until you tell me to.
But what I gather from what you proffer is, if it is true, I wouldn’t be thinking in terms of less than about 50, and that’s just off the top of my head, without hearing the facts.
“THE DEFENDANT: Judge—
“MR. BROWN: You better wait.
“THE COURT: You better tell Mr. Brown what it is you want to say, Mr. Blackman, before you speak, so you don’t prejudice yourself.
“MR. BROWN: Just a moment.
Judge, but it puts the defense in an impossible position the way the parole people work, and I have talked with them as recently as two months ago.
If we plead to 20 years, as a practical matter, that’s the same as 50.
“THE COURT: Then plead to 50 years.
“MR. BROWN: Well, except—
“MRS. SCHWARTZ: Except what?
“MR. BROWN: Except the defendant does not—
“THE COURT: He doesn’t want to plead to 50 years.
“THE CLERK: He doesn’t want to plead to 15.
“MR. BROWN: That’s true. He doesn’t even want to plead to 15.”
*736 No agreement could be reached between the participants to the negotiations and defendant stood on his plea of not guilty and demand for a jury trial. The trial was subsequently commenced and at its close the court denied defendant’s requested instructions to the jury on the lesser included offenses of (1) attempted robbery and (2) bare assault. The jury returned a verdict of guilty as charged and before sentencing the defense counsel requested that the court not penalize defendant by imposing a heavier sentence because he had exercised his constitutional right to a jury trial rather than enter a plea of guilty. The court noted defense counsel’s remark and proceeded to sentence defendant to one hundred one years in the State Penitentiary on each count of the information, the sentences to run concurrently.
Defendant’s first point on appeal is that the sentences were vindictively imposed by the trial court and that they were excessive and constituted a violation of his basic rights to due process as guaranteed by the state and federal constitutions. Defendant contends that at the plea negotiation session the judge agreed to sentence him to fifty years if he plead guilty, but the deal was refused and the more severe sentences were given following the jury verdict because defendant exercised his right to demand a jury trial and plead not guilty.
After close examination of the transcript of the plea negotiation session, this court is convinced that the trial judge did not commit herself or make any deal for a sentence as defendant would have us believe. During the course of the negotiations the judge merely told the attorneys for the state and the defense that they should be more realistic in their discussion of the proposed sentence, and she interjected what she at that time felt was a more realistic term of years. The judge stated she would not agree to the short sentences being considered and that before a final agreement could be reached, defendant’s record would have to be reviewed. Under these circumstances we cannot submit to the view that the trial judge was bound by her informal remarks during the plea negotiations.
The final sentence was imposed upon defendant pursuant to and within the limits of F.S. § 813.011, F.S.A., and nowhere does defendant contend that this Statute is unconstitutional. It is well established in Florida that when a sentence is in conformity to the law it is not subject to question on appeal if the sentence imposed is for the maximum punishment provided by the statute. In Cole v. State, Fla.App.1972, 262 So.2d 902, it is stated:
“The several sentences imposed were within the range authorized by law respectively for the offenses involved (§ 813.011 Fla.Stat., F.S.A. for robbery; § 784.06 (with § 782.04) for assault with intent to commit murder.) Validity of the statutes providing for such sentences was not challenged by appellant. The fact that a sentence imposed upon conviction for an offense is for the maximum provided therefor by law furnishes no basis to hold it is cruel and unusual punishment. Brown v. State, 152 Fla. 853, 13 So.2d 458; Chavigny v. State, Fla.App.1959, 112 So.2d 910, 915; Castle v. United States, 5 Cir. 1968, 399 F.2d 642, 652. Where a sentence is in conformity to the law, it is not subject to question on appeal as to excessiveness on the basis of its relation to the circumstances of the case. Chavigny v. State, supra, Infante v. State, Fla.App.1967, 197 So.2d 542, 544.”
Defendant’s remaining point dealing with the court’s refusal to grant certain jury instructions is harmless error under F.S. § 59.041, F.S.A. and the judgment will not be set aside or reversed.
No reversible error having been demonstrated, the judgments and sentences are affirmed.