**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jimmy Edward UNDERWOOD,
Defendant-Appellant.**

No. 78–5134.

United States Court of Appeals,
Fifth Circuit.

Feb. 2, 1979.

Rehearing and Rehearing En Banc
Denied Feb. 26, 1979.

Emmett Colvin, Dallas, Tex., for defendant-appellant.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., D. Mark Elliston, Arnold N. Cavazos, Jr., Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before SKELTON,* Senior Judge and GOLDBERG and FAY, Circuit Judges.

GOLDBERG, Circuit Judge:

This is an appeal from a conviction for knowingly receiving stolen goods.

Evidence presented at trial established that on or about January 13, 1977 Eddie Hall went to Carter's Upholstery Shop in Dallas, Texas to sell a diamond brooch and bracelet he had recently stolen in California (California jewelry). Carter called defendant-appellant Jimmy Edward Underwood who came to the shop and bought the California jewelry from Hall. Hall testified that before he sold Underwood the California jewelry, he told Underwood that it was stolen. Underwood claimed that Hall never made such a statement.

The jury found Underwood guilty of knowingly receiving stolen goods in violation of 18 U.S.C. § 2315.[1] Underwood conceded that all elements of this offense, except his knowledge, were established. He appeals his conviction claiming that the trial court erred in admitting certain evidence, in charging the jury, and in sentencing the defendant.

### I.

The only issue in this case was Underwood's knowledge, and there is strong and reliable evidence that when Underwood purchased the California jewelry, he knew that it was stolen. Hall testified that before selling Underwood the California jewelry he told him that it was stolen. Furthermore, knowledge could be inferred from the unusual circumstances of the transaction—one does not generally buy $20,000 worth of jewelry in the backroom of an upholstery shop for a fraction of its value. The most incriminating evidence, though, are tape recordings of conversations between Underwood and Hall. These conversations, which took place after Underwood bought the California jewelry, indicate that Underwood knew that the California jewelry was stolen. In addition, the recordings establish that Underwood was planning to buy other pieces of jewelry from Hall which he clearly knew were stolen.

Underwood does not claim that any of this evidence was improperly admitted. He does challenge, though, the admission of some additional evidence. This additional evidence showed that Underwood had previously purchased another stolen bracelet (Texas bracelet) approximately 19 months after it was stolen. At trial Underwood testified that he purchased the Texas bracelet at a pawn shop; but the officer who investigated the theft testified that during his investigation Underwood told him that he had bought the Texas bracelet at Carter's Upholstery shop. It was not proved that Underwood knew that the Texas bracelet was stolen when he purchased it, and he was never charged in connection with the Texas bracelet.

* Senior Judge, United States Court of Claims, sitting by designation.

1. 18 U.S.C. § 2315 provides, "whoever receives . . . any goods . . . of the value of $5,000 or more, moving as . . . interstate or foreign commerce, knowing the same to have been stolen . . . shall be fined not more than $10,000 or imprisoned not more than ten years, or both."

Underwood makes two arguments concerning this evidence. First, he argues that the evidence should not have been admitted absent a cautionary instruction that it could only be considered for the purpose of determining whether Underwood had the requisite knowledge for the charged offense. And second, he argues that the evidence should not have been admitted at all because its probative value was substantially outweighed by its prejudicial effect.

The government concedes that when a trial court admits this sort of evidence a cautionary instruction is proper.[2] Whether the evidence should have been admitted at all is determined by the Federal Rules of Evidence as interpreted by our recent en banc decision in *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978). That decision sets forth a detailed, two-step analysis for determining admissibility. First, "it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character." And second, "the evidence must possess probative value that is not substantially outweighed by its undue prejudice." *Id.* at 911. We need not, however, go through this analysis in the instant case. This is so because, assuming that it was error to admit the evidence, we conclude that its admission—even without the cautionary instruction—constituted harmless error.

An error is harmless if the court is sure, after reviewing the entire record, that the error did not influence the jury or had but a very slight effect on its verdict. *United States v. Arias-Diaz*, 497 F.2d 165, 171 (5th Cir. 1974).[3] There are two possible ways in

which this evidence might have affected the jury's verdict.

First, the jurors might have interpreted this evidence as bearing on Underwood's guilt; they might have inferred that because Underwood had previously bought stolen jewelry, it was more likely that when he bought the California jewelry, he knew that it was stolen.[4] But given the great deal of strong evidence in the record of Underwood's knowledge, and hence his guilt, we conclude that the evidence that Underwood purchased the Texas bracelet had only a slight effect, if any, on the jury's decision that Underwood had the requisite knowledge for the charged offense.

Second, because the evidence was admitted without the safeguard of a cautionary instruction, it may have prejudiced the jury against the defendant thereby affecting the verdict. The jurors may have inferred that Underwood bought the Texas bracelet with knowledge that it was stolen. And, they may have then convicted Underwood of the charged offense because they believed him to be a "bad person" or a "criminal type." Such prejudice is most likely to arise when the defendant is shown to have a history of criminal conduct or to have committed a particularly bad act. Here, however, the evidence was only of a single, isolated episode, and it is not even clear that Underwood's purchase of the Texas bracelet was a "bad act" or criminal offense. We find, therefore, that there was only a slight possibility that Underwood was prejudiced by this evidence. And because the case against Underwood was so strong, and the possibility of prejudice so slight, we conclude that any prejudice was most certainly not decisive.

---

2. The government argues, though, that Underwood did not make a timely request for this instruction and therefore we must consider it under the plain error rule. However, since we hold that the omission of the instruction constituted harmless error, we reach no decision on whether the objection was timely raised.

3. Because Underwood does not allege a constitutional error, we use the traditional standard to determine whether it was harmless. *See United States v. Arias-Diaz*, 497 F.2d 165, 171 (5th Cir. 1974).

4. It was not established that Underwood found out that the Texas jewelry was stolen before he purchased the California jewelry. If that had been shown, it would have been very probative on the issue of Underwood's knowledge when he purchased the California jewelry, since it could be seen as putting him on notice that stolen jewelry had been sold before at Carters in a similar transaction.

The admission of the evidence, then, even without the cautionary instruction, constituted harmless error.

In so holding, we certainly do not mean to imply that these cautionary instructions may be omitted. They are extremely important and should always be used whenever there is any possibility of undue prejudice.

## II.

Underwood also claims that the trial court committed several errors in its charge to the jury.

■ First, Underwood argues that because his knowledge was the only contested issue in this case, the trial court erred in instructing the jury that it could also consider the tape recordings on the issue of intent. The court's instructions, however, made clear that in this case knowledge and intent are in fact the same issue. The court instructed the jury that if the defendant *willfully* received the property, *knowing* it was stolen, he had the requisite criminal intent. Underwood conceded that he willfully received the property. Thus, proof that Underwood knew that the property was stolen when he purchased it would establish the intent element. Since the tape recordings are admittedly relevant on the issue of knowledge, they are of course relevant on the issue of intent. We therefore hold that the trial court did not err in instructing the jury that it could consider the tape recordings on the issue of intent.

■ Second, Underwood claims that the trial court erred by not specifying in the jury instructions the date on which Underwood allegedly committed the charged offense. Underwood argues that this may have confused the jury because of the evidence that Underwood had previously purchased another stolen bracelet—the Texas bracelet. We have carefully reviewed both the record and the jury charge and conclude that this omission caused no confusion. The indictment was read to the jury at the beginning of the trial, and it specified the date of the charged offense. This date was repeated during the trial, and the jury instructions referred to the indictment in defining the offense. Furthermore, counsel treated the purchase of the Texas bracelet as a discrete transaction emphasizing that Underwood was not charged and had never been charged in connection with his purchase of that bracelet. Since no confusion was caused, we hold that the trial court did not err in omitting from the instructions the date of the charged offense.

■ Finally, Underwood claims that the trial court erred in instructing the jury by failing to limit to the charged offense the applicability of the following presumption: "Possession of property recently stolen, if not satisfactorily explained, is a circumstance from which the jury may reasonably draw the inference and find, in the light of the surrounding circumstances shown by the evidence in the case, that the person knew the property had been stolen." Underwood claims that the jury may have applied this presumption to his purchase of the Texas bracelet. This would have been improper, he argues, because approximately nineteen months had passed between the theft of the Texas bracelet and his possession. According to Underwood, when so much time has passed, the property is not "recently stolen" and it is error for the jury to consider the presumption. The rule, however, is to the contrary. We have specifically declared that there is no set period of time during which property remains recently stolen for purposes of the presumption. *Hale v. United States*, 410 F.2d 147, 151 (5th Cir. 1969). Because it varies under the circumstances of each case, it is a question of fact for the jury. *Id.* Since the jury is to decide what constitutes recently stolen property for purposes of applying the presumption, we hold that it was not error for the court to fail to explicitly limit the application of the presumption to the charged offense.[5]

5. Although not the usual case, the presumption has been applied when quite a long time had passed between the theft and the defendant's possession of the stolen property. *E. g., Altom*

## III.

 Underwood claims that the trial court erred in sentencing him (1) by relying on information not disclosed to him and (2) by imposing a more severe sentence because he exercised his constitutional right to stand trial. In support of this argument, Underwood relies on certain comments made by the trial judge. These comments are reproduced below.[6]

It is true that a court can commit error in sentencing a defendant by relying on undisclosed information. *E. g., United States v. Muniz*, 569 F.2d 858 (5th Cir. 1978); *United States v. Read*, 534 F.2d 858 (9th Cir. 1976). Likewise, a court cannot sentence a defendant more severely *simply* because he exercised his right to stand trial. *E. g., United States v. Wright*, 533 F.2d 214 (5th Cir. 1976); *Baker v. United States*, 412 F.2d 1069 (5th Cir. 1969). However, the only evidence Underwood presents to show that the trial court committed these errors is the remarks of the trial judge. These remarks must be interpreted in their context. They were uttered by the judge who had tried the entire case and heard the evidence. We think that, in context, they do not reflect the improprieties Underwood alleges. For example, the judge's statements that "You were the source of all this and it wasn't just this case alone. It has been going on for some time in the past" presumably refer to the evidence of the Texas bracelet and the evidence presented on the tape recordings. Likewise, the judge's statement that "if you hadn't tried this case, if you had plead guilty, I might not have known these things, but you elect-

ed to try it and you completely convinced me that you were guilty" seems to us to mean *not* that the judge sentenced Underwood more severely because he elected to go to trial, but that the judge imposed a more severe sentence because of the volume and persuasiveness of the evidence of guilt presented at trial. We therefore find that the court did not err in sentencing Underwood.

For the reasons stated, the judgment of the district court is in all respects affirmed.

AFFIRMED.

---

*v. United States*, 454 F.2d 289 (7th Cir. 1972) (15 month time lapse).

6. As you know, this case was tried before me. I listened to the evidence and it is one case in which I can say the evidence was over-whelmingly against you and the three witnesses that you put on the stand simply confirmed everything that the Government's witnesses said. The witnesses that you had were of the lowest grade. I have very strong feelings about this case. I completely disagree with the Probation Officer's recommendation. To me, you are similar to a source in these Heroin cases that I get, these Cocaine

cases. You were the source of all of this and it wasn't just this case alone. It has been going on for some time in the past. You have gotten away with it but if you hadn't tried this case, if you had pled guilty, I might not have known all these things, but you elected to try it and you completely convinced me that you were guilty beyond any reasonable doubt. I am going to sentence you to six years in the custody of the Attorney General and fine you $10,000.00. You stand comitted until the fine is paid. That is all.