Edward COUSIN, Petitioner-Appellant,

v.

Frank BLACKBURN, Warden, Louisiana State Pent., Respondent-Appellee.

No. 78–3632
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 21, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Edward Cousin, Angola, La., pro se.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., Maurine A. Carroll, Asst. Dist. Atty., Harry F. Connick, Dist. Atty., New Orleans, La., for respondent-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Appellant Cousin is serving a thirty year sentence for armed robbery. He alleges that the counsel appointed to represent him at his pretrial hearing was ineffective because he engaged in plea discussions with the state trial judge without Cousin's knowledge or consent. He also contends that his thirty year sentence resulted from the judge's vindictiveness because Cousin rejected the plea bargain offered him and because the judge thought he was lying when he testified at the hearing on his motion for a new trial. We find neither claim meritorious, and affirm the denial of the petition for habeas corpus.

Cousin alleges that the attorney who represented him prior to trial made a collusive agreement with the judge to coerce a guilty plea. The transcript of the pretrial hearing does not provide any suggestion that a prior agreement between judge and counsel had been made. Indeed, the judge's questions about the defendant's record and personal data indicate that he was not previously acquainted with the facts of the case. Even had counsel conducted plea negotiations without the knowledge of Cousin, the defendant would not have been prejudiced thereby because no bargains were struck and Cousin could have asked for further negotiations or simply rejected any proposed arrangement. *See Buckelew v. United States*, 5 Cir. 1978, 575 F.2d 515, 521. The only prejudice Cousin claims to have suffered as a result of counsel's conduct is the judge's allegedly vindictive sentencing. Our conclusion that no vindictiveness was demonstrated disposes of Cousin's first claim as well.

If, as Cousin alleges, the judge sentenced him to thirty years instead of the ten offered him for pleading guilty to the lesser charge of attempted armed robbery merely because he exercised his right to a jury trial, he would be entitled to relief. *See, e. g., Baker v. United States*, 5 Cir. 1969, 412 F.2d 1069, 1073, *cert. denied*, 1970, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509. But the mere fact that Cousin received a longer sentence upon conviction than was mentioned at the hearing does not conclusively show vindictiveness. The offer of 10 years was made for a plea of guilty to attempted armed robbery. The offense of which Cousin was convicted, armed robbery, is far more serious. Moreover, the state may encourage guilty pleas by offering substantial benefits to a defendant, *Corbitt v. New Jersey*, 1978, —— U.S. ——, 99 S.Ct. 492, 58 L.Ed.2d 466, and may threaten an accused with more severe punishment should a negotiated plea be refused. *See Bordenkircher v. Hayes*, 1978, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604. The sentence imposed was well within the statutory limits for armed robbery. Having refused the plea bargain, Cousin cannot now expect to receive the benefits of that abandoned agreement after conviction. *United States v. Resnick*, 5 Cir. 1973, 483 F.2d 354, 358, *cert. denied*, 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246.

Nor does the judge's statement during the new trial hearing demonstrate that he was prejudiced in any way against the defendant for purposes of sentencing. Cousin testified that he had seen no attorney assigned to the Orleans Parish Indigent Defenders before the date of trial, although the judge (and Cousin) were well aware that he had been represented by OPID attorneys at his arraignment and at the pretrial hearing. Cousin also stated that he did not know the time or location of the

robbery of which he was charged until trial although he had been present at the pretrial hearing when the facts of the robbery were discussed openly before him. While the judge did state that he would consider the defendant's testimony at the hearing— which he characterized as "lies"—at the time of sentencing, he indicated that he would read the transcript of the pretrial hearing to ascertain whether there was any basis for the defendant's testimony regarding his lack of knowledge of the crime with which he was charged.

It was clear that the defendant was, if not lying, then not entirely truthful in his testimony about prior contacts with counsel. The judge was entitled to consider his assessment of the defendant's character, including the defendant's untruthfulness while under oath, when he imposed sentence. *United States v. Grayson*, 1978, 438 U.S. 41, 98 S.Ct. 2610, 2617, 57 L.Ed.2d 582. Even if the judge did take this testimony into account—and the record gives no indication that he did—we cannot hold this error.

The denial of the petition for habeas corpus is AFFIRMED.