Melvin J. BLACKMON,
Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation,
Respondent-Appellee.

No. 78–2570.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1979.

Rehearing and Rehearing En Banc
Denied Jan. 17, 1980.

Thomas G. Murray, Asst. Public Defender, Miami, Fla., for petitioner-appellant.

Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before FAY, RUBIN and HATCHETT, Circuit Judges.

PER CURIAM:

 Melvin Blackmon appeals the district court's denial of his petition for a writ of habeas corpus. He contends that he was penalized for exercising his Sixth Amendment right to a jury trial by the imposition of a 101 year sentence after he turned down what he views as a proffered plea bargain of 50 years made by the state trial judge prior to trial. Of course a defendant "cannot be punished by a more severe sentence because he unsuccessfully exercised his constitutional right to stand trial rather than plead guilty," *Baker v. United States,* 5 Cir. 1969, 412 F.2d 1069, 1073, *cert. denied,* 1970, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509, but we conclude that the judge did not make a plea bargain offer to Blackmon and that he was not punished for going to trial. See *Cousin v. Blackburn,* 5 Cir. 1979, 597 F.2d 511.[1]

 Blackmon was charged with two counts of robbery. Immediately before the trial the defense counsel initiated a discussion with the judge in open court about a plea bargain. The transcript, however, makes it clear that neither the prosecutor, the trial judge nor Blackmon himself wished to engage in plea bargaining. The only remarks made by the judge concerning a 50 year sentence were in response to repeated efforts by the defense counsel to negotiate a plea. At one point the judge stated, "But what I gather from what your proffer is, if it is true, I wouldn't be thinking in terms of less than about 50, and that's just off the top of my head, without hearing the facts." The only other reference to 50 years by the judge was in response to a statement by the defense counsel that, as a practical matter, pleading to 20 years was the same as pleading to 50 years. The judge stated, "Then plead to 50 years," to which the defense counsel replied that the defendant did not even wish to plead to 15 years. Read in context, these off-the-cuff remarks made by the judge

before she had looked at the defendant's record cannot be the basis for an argument that the judge made an offer of 50 years. In fact, all indications point to the contrary conclusion: the judge did not wish to induce Blackmon to plead, and Blackmon evidently had no desire to do so.

Although we do not reach the question whether the 101 year sentence was excessive, we do note that the state trial judge had the benefit of hearing all of the trial testimony and may have based the sentence on the facts surrounding the robbery and the evidence of Blackmon's guilt, *see United States v. Underwood,* 5 Cir. 1979, 588 F.2d 1073, 1078, as well as on the defendant's prior record which she had before her during the plea bargaining discussion but which she may not have considered as fully as after the trial in conjunction with the facts of the robbery. Furthermore, there is no evidence of vindictiveness on the part of the judge. *See Cousin v. Blackburn,* 5 Cir. 1979, 597 F.2d 511.

 The trial judge perhaps should not have made any remarks concerning a plea bargain, but we do not find that her limited discussion, initiated and pursued entirely by the defense counsel, violated any rights of the defendant. Rule 11 of the Federal Rules of Criminal Procedure expressly forbids the court from participating in plea bargaining. Fed.R.Crim.P. 11(e)(1). This rule, however, states a standard for federal courts, not necessarily a constitutional inhibition. A judge is prohibited from assuming the role of an active negotiator in the plea bargaining process because of the "chilling effect" this participation might have on a defendant's decision whether to accept the plea bargain or go to trial. *See Scott v. United States,* D.C. Cir. 1969, 136 U.S.App.D.C. 377, 419 F.2d 264; *Brown v. Beto,* 5 Cir. 1967, 377 F.2d 950, 956–67; American Bar Association Project on Minimum Standards for Criminal Justice, Stan-

---

1. It should be noted that here we do not deal with an offer made by a prosecutor. If a defendant turns down a plea bargain offered by the state, he may not then complain that he received a heavier sentence after trial, *United*

*States v. Resnick,* 5 Cir. 1973, 483 F.2d 354, 358, *cert. denied,* 414 U.S. 1008, 94 S.Ct. 370, 38 L.Ed.2d 246, absent evidence of vindictiveness or punitive action.

dards Relating to Pleas of Guilty § 3.3 (1967). Here, however, that level of participation was not reached.

In sum, we agree with the Magistrate's conclusion, upon which the district court relied in denying the petition, and with the state court's decision in *Blackman v. State,* Fla.App.1972, 265 So.2d 734, that no plea bargain offer was made by the trial judge and that the defendant was not penalized for exercising his Sixth Amendment right to a jury trial.

For the above reasons, we AFFIRM the denial of the petition for a writ of habeas corpus.