**Larry Bernard COLE, Petitioner-Appellant,**

v.

**Louie L. WAINWRIGHT, Secretary, Department of Offender Rehabilitation, State of Florida, Respondent-Appellee.**

No. 78–3309
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 20, 1980.

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Thomas G. Murray, Sp. Asst. Public Defender, Miami, Fla., for petitioner-appellant.

Joel D. Rosenblatt, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

KRAVITCH, Circuit Judge.

Larry Bernard Cole appeals the denial of his petition for a writ of habeas corpus. He contends that the imposition of a 130 year sentence violated his right to due process; that had he waived his right to a jury trial he would have received a sentence of no more than twenty years. We reject petitioner's conclusion that the 110 years differential between the sentence offered by the prosecutor pretrial and that imposed posttrial constitutes a judicially imposed penalty upon appellant's right to a jury trial. Accordingly, we affirm.

Petitioner was charged with robbery and assault with intent to commit murder. Prior to the trial, the prosecutor offered to recommend a sentence of 20 years in return for petitioner's guilty plea. Petitioner refused to accept the state's offer and the case went to trial. A jury found Cole guilty as charged and the state trial judge, unaware of the plea offer of the prosecutor, imposed consecutive sentences totaling 130 years.[1] The conviction was affirmed in *Cole v. State*, 262 So.2d 902 (Fla.Dist.Ct. App.1972), *cert. denied*, 411 U.S. 968, 93 S.Ct. 2157, 36 L.Ed.2d 690 (1973).

After exhausting state remedies, Cole filed a federal habeas petition alleging that the sentencing judge violated his Sixth Amendment right to a jury trial by sentencing him more severely after trial than she would have had he pleaded guilty. To support his claim, petitioner presented affidavits and the results of an American Judicature Society survey compiled in 1973 on

---

1. Cole was sentenced to ninety years imprisonment on the robbery count and twenty years on each of the two assault counts, all sentences to run consecutively.

criminal justice in Dade County. The survey and affidavits allegedly established the existence of a "pattern and practice" of imposition of substantially higher sentences on defendants who exercised their constitutional rights to jury trials than on defendants who entered into plea bargains.

The court dismissed Cole's petition holding that although the survey might have been relevant in establishing a pattern and practice of penalizing persons demanding a trial in Dade County courts, it did not establish that the judge penalized this particular defendant in this specific case.

■ Clearly, a defendant "cannot be punished by a more severe sentence because he unsuccessfully exercise[s] his constitutional right to stand trial rather than plead guilty." *Baker v. United States*, 412 F.2d 1069, 1073 (5th Cir. 1969), *cert. denied*, 396 U.S. 1018, 90 S.Ct. 583, 24 L.Ed.2d 509 (1970). However, here the only evidence petitioner presented to prove punishment for demanding a jury trial is a statistical survey of criminal justice in Dade County. Urging the methodology accepted by the Supreme Court in *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977) and *Castaneda v. Partida*, 430 U.S. 482, 97 S.Ct. 1272, 51 L.Ed.2d 498 (1977), Cole claims that the statistics and supporting affidavits presented establish a *prima facie* case of an unconstitutional practice.[2] Thus, according to Cole, the government has the burden of rebutting his *prima facie* showing.

Cole's reliance on *Arlington Heights* and *Castaneda* is misplaced. Those cases involved racial or ethnic discrimination, and as the Supreme Court has noted: "[R]acial

classifications are to be subjected to the strictest scrutiny and are justifiable only by the weightiest of considerations." *Washington v. Davis*, 426 U.S. 229, 242, 96 S.Ct. 2040, 2049, 48 L.Ed.2d 597 (1976).

In the present case there is no claim of racial discrimination. However, if we accept petitioner's argument that statistics may be used to establish a *prima facie* case of sentencing discrimination based upon whether one proceeds to a jury trial, petitioner has failed to make a proper showing. The statistics relied on by Cole are extremely general. The American Judicature Society survey focuses upon categories of crimes but ignores other considerations relevant to sentencing, such as severity of the crimes and the characteristics and records of the defendants. Cole's conclusion, therefore, is not the only logical one to be drawn from the statistics presented.

■ Not only has Cole failed to prove systemic abuse, he also has failed to prove that he was punished for exercising his right to a jury trial. The simple fact that Cole was given a longer sentence after trial than he might well have received had he plea bargained is not sufficient to show that he was penalized for going to trial. *See Cousin v. Blackburn*, 597 F.2d 511 (5th Cir. 1979) and *Hart v. Henderson*, 449 F.2d 183, 184 (5th Cir. 1971). The state court record does not contain any showing that the trial judge was even aware of the pretrial bargain offered by the prosecutor.

Instead, the trial record clearly shows that the trial judge, without prior knowledge of the prosecutor's plea negotiations, acquainted herself with Cole's prior record and imposed a sentence based upon the facts of the crime and the nature of the offense.[3] *See also Blackmon v. Wain-*

---

2. Petitioner does not attack the plea bargaining process. Such an attack would fail under *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) and *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). As the Court noted in *Bordenkircher*:

 [I]n the "give and take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.

 434 U.S. at 363, 98 S.Ct. at 668.

3. THE COURT: Step forward, Mr. Cole.

 Bring him forward.

 MR. BROWN: Ask for a pre-sentence investigation.

 THE COURT: Denied.

 Anyone have anything to say prior to the passing of sentence?

 MR. BROWN: Yes, that sentencing be deferred, Judge, until I have an opportunity to

*wright*, 608 F.2d 183 (5th Cir. 1979) and *United States v. Underwood*, 588 F.2d 1073, 1078 (5th Cir. 1979). No court which has reviewed petitioner's contentions has found any basis for accepting Cole's argument that his sentence was imposed as punishment for not pleading guilty.[4] After carefully considering the record, we agree.

The denial of the petition for habeas corpus is AFFIRMED.

bring matters before the Court that may be in mitigation?

THE COURT: Denied.

State?

MR. TUNKEY: State rests on the facts of the crime as proved during the course of the trial.

THE COURT: Anything from the defense?

MR. BROWN: Anything you want to say?

THE DEFENDANT: Never mind.

MR. BROWN: Speak up if you want to say anything.

THE COURT: This is the time, Mr. Cole. Don't bring me letters later.

THE DEFENDANT: That's all right. I don't feel—

THE COURT: 1965 you were convicted of breaking and entering and grand larceny and buying, receiving and concealing stolen property and sentenced to five years, is that right?

THE DEFENDANT: No, I was not.

THE COURT: It's not?

THE DEFENDANT: No, it's not. I received three years probation.

THE COURT: 1966 robbery, violation of probation, five years State Prison?

THE DEFENDANT: Right.

THE COURT: What happened at Key West in 1970, with the armed robbery charged down there?

THE DEFENDANT: It was dismissed.

THE COURT: When did you get out of Raiford?

THE DEFENDANT: October, '69.

THE COURT: October of '69? When did you go there ?

THE DEFENDANT: '66, November 10th, something like that.

THE COURT: So, you served your five years and three years, is that right?

THE DEFENDANT: Right.

THE COURT: All right. Anything anyone else wishes to say prior to the passing of sentence?

MR. TUNKEY: Nothing from the State.

THE COURT: All right, Mr. Cole. I cannot say enough about the acts that you have committed and the violence that's indicated by them.

If you would draw down on a uniformed police officer, what chance does a mere civilian got? There was no excuse for pistol whipping the witness, whatever his name was.

MR. TUNKEY: Mr. Laval.

THE COURT: There was no excuse for your firing upon two police officers. You can say one of them, that you didn't know he was a police officer because he was in plainclothes. I wouldn't believe you, but you could say it.

But Sgt. Dunn was in full uniform, with helmet, and there couldn't have been any doubt but what he was a police officer.

All right, jury having found you guilty, it is the judgment and sentence of the Court as to Count I of the Information, robbery, that you be sentenced to the State Prison for a term of 90 years.

As to Count II, it is the judgment and sentence of the Court that you be adjudicated guilty as in Count I and sentenced to the State Prison for a term of 20 years in the State Prison to be served consecutive to Count I.

As to Count III of the Information, it is the judgment and sentence of the Court that you be adjudicated guilty, sentenced to 20 years in the State Prison, to be served consecutive to Count I and Count II.

4. As the Florida District Court of Appeals noted:

Not only were the sentences imposed expressly provided for by law, but the facts of the case were not such as to invite leniency in sentencing. The conviction of the defendant necessarily implies the jury found the facts to be as indicated by the state's evidence. Thereby it was shown the defendant hijacked a truck at gunpoint, pistol whipped the driver and threw him out of the truck while travelling at thirty miles per hour, and that when about to be apprehended he fired several shots at two police officers, one at close range.

*Cole v. State*, 262 So.2d 902, 905 (Fla.Dist.Ct. App.1972), *cert. denied*, 411 U.S. 968, 93 S.Ct. 2157, 36 L.Ed.2d 690 (1973).