**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**James McCOLLOM, Defendant-Appellant.**

No. 81–1152
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 1981.

James G. McCollom, pro se.

Jay Ethington, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

James G. McCollom and three co-defendants were convicted of one count of conspiracy, 18 U.S.C. § 371, and 15 substantive counts of mail fraud and interstate transportation of checks, 18 U.S.C. §§ 1341, 1343 and 2314. The facts of the case are set forth in detail in our opinion affirming the conviction, *United States v. Becker*, 569 F.2d 951 (5th Cir.), *cert. denied*, 439 U.S.

865, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978). On direct appeal McCollom claimed that he was unaware of the criminal nature of the scheme involving the fraudulent sale of silver ore and mining options. He also maintained that his involvement was minimal. In affirming his conviction we rejected those contentions. Asserting multiple trial errors, McCollom next filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

In his section 2255 motion, McCollom contends the trial court erred in: (1) admitting co-conspirator's statements; (2) instructing the jury on the burden of proof on the element of intent; (3) allowing improper questioning by the prosecutor; (4) allowing an improper statement by the prosecutor in closing argument; and (5) in failing to dismiss a defective indictment. On appeal, McCollom adds additional errors claiming: (6) the trial court erred in failing to hold an evidentiary hearing on his section 2255 application; (7) the government withheld evidence of a plea agreement made with a government witness; and (8) the court failed to instruct the jury as to the effect of such agreements. Finding no merit in any error assigned, we affirm the district court's rejection of McCollom's motion for relief under section 2255.

1. *Co-conspirator's statements.*

McCollom complains that the trial judge erred in admitting co-conspirator's statements without first determining that a conspiracy existed, as required by our decision in *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). This argument fails for two reasons. First, on direct appeal we found sufficient evidence of the conspiracy and of the involvement of each defendant. *United States v. Becker*, 569 F.2d at 961. Second, McCollom was tried in November 1976. Our *James* decision was published February 12, 1979. The rule enunciated in *James* was specifically made prospective only, affecting "co-conspirator statements which the government seeks to introduce in trials commenc-

ing 30 days from the date of this opinion." *United States v. James*, 590 F.2d at 583. This evidence was properly admitted.

### 2. *Jury instruction on intent.*

■ McCollom maintains that the instruction on intent was erroneous because it impermissibly implied that the defendant must establish his innocence, citing as authority for his contention, *Mann v. United States*, 319 F.2d 404 (5th Cir. 1963). The instructions to the jury span more than 80 pages in the transcript. There was no objection to this charge. Reviewing the instructions as a whole, and particularly that part challenged by McCollom, we perceive no plain error. To the contrary, the language relevant to the issue of intent, read in context, was approved by this court, in an en banc decision, *United States v. Chiantese*, 560 F.2d 1244, 1256 (5th Cir. 1977), *cert. denied*, 441 U.S. 922, 99 S.Ct. 2030, 60 L.Ed.2d 395 (1979).

### 3. *Improper questioning by prosecutor.*

McCollom asserts that the trial court erred in denying his motion for mistrial after the prosecutor cross-examined a character witness about McCollom's prior arrest record. On direct examination the witness had attested to McCollom's honesty and integrity and had expressed the opinion that McCollom would "definitely not" cheat or defraud anyone. On cross-examination the witness was asked whether he was aware that McCollom had been arrested for theft by false pretext in January 1969, and charged in December 1969 with four offenses of theft of personal property. The witness denied any knowledge of these incidents and maintained that his opinion of McCollom would not be changed by such knowledge. No objection was made. McCollom's memorandum in support of the section 2255 petition concedes the correctness of this information, his complaint is that the jury was not told that the charges were subsequently dismissed.

■ The district court held that the challenged questions were properly posed if a good faith factual basis for the alleged

prior misconduct exists and the traits involved in the prior incident are relevant to the trial. *See United States v. Renfro*, 620 F.2d 497 (5th Cir. 1980), *cert. denied*, 449 U.S. 921, 101 S.Ct. 321, 66 L.Ed.2d 149 (1981); *United States v. Bright*, 588 F.2d 504 (5th Cir.), *cert. denied*, 440 U.S. 972, 99 S.Ct. 1537, 59 L.Ed.2d 789 (1979); *United States v. Wells*, 525 F.2d 974 (5th Cir. 1976). Both requirements were met. The 1969 incidents had occurred, the prosecutor knew they had, and the traits involved in the 1969 arrest and charges were identical to those involved at trial. Further, the witness had expressed an unqualified belief in the honesty and integrity of McCollom. The prosecutor appropriately challenged this testimony by testing the witness's knowledge of pertinent prior events. McCollom's complaint that error was committed when the jury was left with a misimpression about the 1969 charges against him are without merit. The record reflects that McCollom's defense counsel made a reasoned, tactical decision not to put on evidence about the dismissal of the charges. The record reflects that those dismissals came only after McCollom made restitution and the complaining witness opted not to press for further prosecution. We are not prepared to say that McCollom's trial counsel erred when he decided not to open this Pandora's box, or that the trial judge erred in admitting the testimony.

### 4. *Prosecutor's comments in closing argument.*

■ McCollom contends that in closing argument the prosecutor overreached when he incorrectly stated that a witness had testified that McCollom attended a certain meeting. No contemporaneous objection was made. Considering this comment in the context of the entire trial, including the totality of the evidence and the judge's instruction as to the proper weight to be given arguments of counsel, we agree with the district court that this misstatement is not of sufficient magnitude to warrant relief under section 2255. *Cobb v. Wainwright*, 609 F.2d 754 (5th Cir.), *cert. denied*,

447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 857 (1980).

### 5. *Defective indictment.*

■ According to McCollom, the indictment was wholly defective because the record reflects that he was unaware of the activity of his co-defendants. Section 2255 may not be used to secure a second direct appeal. We decided this issue adversely to McCollom on direct appeal when his conviction was affirmed. It may not be resurrected and urged anew; it is a thing adjudged and definitively resolved.

### 6. *Hearing on section 2255 petition.*

■ McCollom argues that the trial court erred in failing to conduct an evidentiary hearing on his section 2255 motion. No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *See Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978). Finding that all of the errors urged by McCollom fall into one of these categories, except the one relating to the plea agreement with a witness, and in light of the disposition we make of that assignment of error, we conclude that no evidentiary hearing was required in this instance.

### 7 & 8. *Plea agreement and charge to jury.*

■ McCollom's final assignments of error are not contained in his petition nor were they raised on direct appeal; they are asserted for the first time in the instant appeal. Generally failure to appeal a constitutional issue is not a bar to relief under section 2255 unless "a *deliberate* choice not to appeal is made by conscious election." *Buckelew v. United States*, 575 F.2d 515, 519 (5th Cir. 1978) (*citing McKnight v. United States*, 507 F.2d 1034 (5th Cir. 1975)). McCollom's failure to raise this issue earlier is clearly not "deliberate bypass" because it is based on a decision we rendered on June 6, 1980 in *United States v. McCord*, 618 F.2d 389 (5th Cir. 1980), more than a year after his section 2255 pleadings were filed. In this decision we considered a section 2255 motion by David C. McCord, one of McCollom's co-defendants. McCord contended that his guilty pleas should be vacated because the government breached a plea agreement. On the basis of the record then before us, we felt compelled to remand McCord's cause for an evidentiary hearing to determine whether there had indeed been a breach of a plea agreement, as he contended, which might vitiate his guilty pleas.

McCollom appropriately seizes upon this decision, and its possible inherent implications, to contend that the government withheld information about a plea agreement affecting a government witness and the court failed to properly charge the jury.

■ Ordinarily, we would not consider an issue not previously raised on a section 2255 motion, but would remand to the trial court. However, unusual circumstances surround this matter. It arises out of a ruling by this court subsequent to the filing of the section 2255 motion, and is resolved by another ruling of this court subsequent to the lodging of this appeal. We therefore consider it appropriate to address this issue.

There is no merit to this contention. In accordance with our remand in *McCord*, the trial court conducted an evidentiary hearing and concluded that there had been no plea agreement as claimed in pleadings by McCord and, accordingly, there had been no breach of an agreement. We have this date affirmed that finding. *United States v. McCord*, 664 F.2d 60 (5th Cir. 1981). McCollom's final assignments of error are therefore disposed of by that decision.

The decision of the district court is AFFIRMED.