**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles Glenn JOHNSON,
Defendant-Appellant.**

**No. 81–2322
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 24, 1982.

See also, 5 Cir., 585 F.2d 119 and 5 Cir., 596 F.2d 147.

Charles Glenn Johnson, pro se.

James R. Gough, Asst. U. S. Atty., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

JERRE S. WILLIAMS, Circuit Judge:

Charles Glenn Johnson was indicted in November 1976, on four counts of violating 18 U.S.C. § 1014 by making false statements to a federally insured savings and loan institution, two counts of conspiracy to violate 18 U.S.C. § 1014, and one count of obstructing justice in violation of 18 U.S.C. § 1501. In January 1977, a jury found Johnson guilty on all seven counts after a four week trial. The court imposed a fine of $7,000 and a prison sentence of five years, to be followed by a five-year period of probation. In *United States v. Johnson*, 585 F.2d 119 (5th Cir. 1978), which contains a full account of the factual background, this court affirmed the verdict and judgment against Johnson after reviewing numerous claims of error in the proceedings below. Later, we also affirmed the district court's denial of Johnson's motion for a new trial based on newly discovered evidence, *United States v. Johnson*, 596 F.2d 147 (5th Cir. 1979). Johnson now appeals from the district court's rejection of his motion to vacate and set aside his sentence, submitted pursuant to 28 U.S.C. § 2255.

Representing himself in this appeal, Johnson has organized his argument into numerous points of error, many of which contain several issues. Having reviewed each with care, we conclude that Johnson's claim of vindictive prosecution merits a remand for supplemental findings on that issue. As this is the only issue raised by Johnson that warrants further consideration, we discuss it before disposing of his other contentions.

I. *Vindictive Prosecution.*

The government originally indicted Johnson as one of five codefendants who had violated or had conspired to violate 18 U.S.C. § 1014. Three of the six counts alleged in this initial indictment of September 28, 1976, charged Johnson with obstruction of justice and infractions of § 1014; the remaining three focused on codefendants. According to Johnson, the government offered him a plea bargain under which it would have proceeded against him only on the conspiracy count in return for his plea of guilty. Although the other defendants negotiated pleas, Johnson insisted on going to trial. On November 19, 1976, the government secured a superseding indictment against Johnson framed in seven counts. Four of these counts alleged instances of misconduct not contained in the original indictment. Johnson charges that the government improperly enhanced his indictment in retaliation for his exercise of the right to a trial.

A prosecutor's discretion to reindict a defendant is circumscribed by the due process clause. *Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). Thus, "once a prosecutor exercises his discretion to bring charges against a defendant, neither he nor his successor may, without explanation, increase the number of those charges in circumstances which suggest that the increase is retaliation for the defendant's assertion of statutory or constitutional rights." *Hardwick v. Doolittle*, 558 F.2d 292, 301 (5th Cir. 1977), *supplemented on petition for rehearing and rehearing en banc*, 561 F.2d 630 (5th Cir. 1977), *cert. denied*, 434 U.S. 1049, 98 S.Ct. 897, 54 L.Ed.2d 201 (1978). However, a superseding indictment returned prior to trial and containing increased charges establishes only a prima facie case of vindictiveness; the prosecutor is entitled to a chance to explain the reindictment. *United States v. Phillips*, 664 F.2d 971, 1020–21 (5th Cir. 1981); *United States v. Jones*, 587 F.2d 802, 805 (5th Cir. 1979). The burden of proving no actual vindictiveness shifts to the government, *Phillips, supra*, 664 F.2d at

1020, "but where the government's purpose for its charging decision can be traced to a legitimate, nonvindictive rationale, such as the discovery of a new witness or a different approach to a case by a new prosecutor . . . the government may proceed with its new charges." *United States v. Chagra*, 669 F.2d 241, 248 (5th Cir. 1982), *cert. denied*, —— U.S. ——, 102 S.Ct. 1252, 71 L.Ed.2d 445 (1982).

The court below found all of Johnson's claims, including that of vindictive prosecution, to be without merit. Exactly what evidence the government adduced in the record to rebut his claim of vindictive prosecution, however, is not clear from the court's *en masse* rejection of Johnson's various theories. The district court's memorandum and order incorporated by reference "the reasons set forth in the government's answer" (referring to the Government's Answer to Defendant's Motion to Vacate and Set Aside Sentence Pursuant to Title 28, Section 2255, and Supplements Thereto), but that otherwise comprehensive document ignored altogether the vindictiveness issue.

Because we cannot discern the reasons for the district court's conclusion that "the motion and the file and records of the case conclusively show that the prisoner is entitled to no relief," 28 U.S.C. § 2255, we must remand the case for supplemental findings. If the voluminous record contains evidence that overcomes appellant's prima facie showing of an improper prosecutorial motive in broadening the original indictment, the court need only bring this proof to our attention and make findings based upon it. Otherwise, the court may determine that an evidentiary hearing is necessary to resolve this issue.

Of course, a subject for threshold inquiry below is whether Johnson properly preserved this alleged error prior to his trial. Fed.R.Crim.P. 12(b) requires that defenses and objections based on "defects in the institution of the prosecution" or on defects in the indictment be raised prior to trial. Rule 12(f) further provides that a party's failure to raise such a defense prior

to trial shall constitute a waiver of the defense, subject to the trial court's discretion. Should the court below determine that Johnson never objected before trial to the prosecution's enhancement of his indictment, Johnson would have to "show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, —— U.S. ——, ——, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). Only after clearing this procedural obstacle can Johnson proceed to a determination of the merits of his claim.

II. *Other Matters.*

Johnson's remaining points of error are groundless. Many consist only of bare allegations without factual support. His first point of error, for example, recounts numerous instances in which the government is supposed to have relied upon perjured testimony in securing the indictment and conviction. Yet nowhere in his lengthy recitation of alleged prosecutorial outrages does Johnson provide any facts, either old or new, to support an inference that anyone knowingly testified to a falsehood during his trial. At one point he charges that the government used the perjured affidavit of an FBI agent to establish probable cause for the grand jury's indictment on the obstruction of justice count. According to the agent's affidavit, one of Johnson's coconspirators, Debbie Boettcher, had advised him that she had "received a telephone call from Charlie Johnson who requested her not to divulge any information concerning who had signed [one of the incriminating securities.]" At trial, Boettcher testified that Johnson had instructed her, "Do not tell anyone who signed the documents, and you know who." Boettcher had assumed from this, she testified further, that Johnson did not want anyone to know that his wife—the "you know who"—had signed the documents. Johnson seizes upon this as proof that the agent "distorted and rearranged the wording of an alleged telephone conversation . . . to obtain an arrest and subsequent indictment." However, the two

statements are not even radically different, much less inconsistent. Certainly they are not suggestive of perjury. Johnson's allegation that Boettcher perjured herself also appears devoid of any foundation.

■ Also without merit is Johnson's claim that the government illegally suppressed evidence. Johnson complains that a "critical piece of evidence," an assignment of notes, was withheld from him throughout trial. Johnson also states, however, that the assignment was recorded in Montgomery County, Texas, and he neither alleges nor provides any reason for believing that the document was "within the possession, custody, or control of the government," as required by Fed.R.Crim.P. 16.

Johnson next contends that his presentence investigation report, compiled by the probation officer, and his Report on Convicted Prisoners, drawn up by the U. S. Attorney, contained prejudicial factual errors that influenced the district court's sentencing. Most of the allegations, however, either center on trivialities or are unsupported by any proof, or both. Certainly Johnson has not met his burden for raising a due process claim: "To prevail on a claim that a sentence was based on materially inaccurate information, an appellant must demonstrate that a court *relied* on that information. The mere allegation of inappropriate or incorrect information in the presentence report does not establish the predicate for a claimed violation of due process rights at sentencing." *United States v. Cimino,* 659 F.2d 535 (5th Cir. 1981) (emphasis in original). Moreover, we do not consider the "new evidence" contained in appellant's exhibits T and U, attached to his brief, for it was not presented to or considered by the district court.

■ Johnson's claim that his sentence is unlawful because more severe than that imposed upon his codefendants, who entered guilty pleas, is frivolous. "The punishment meted out was not in excess of that prescribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect." *Hill v. United States,*

368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 556 (1962). The government is permitted to encourage guilty pleas by offering substantial benefits to a defendant, and Johnson, having rejected the offer of a plea bargain, cannot complain that his codefendants received the benefit of a lighter sentence. *See Cousin v. Blackburn,* 597 F.2d 511, 512 (5th Cir. 1979) *cert. denied,* 445 U.S. 945, 100 S.Ct. 1343, 63 L.Ed.2d 779 (1980). Appellant has not made the required showing of vindictiveness on the part of the sentencing judge. *See Blackmon v. Wainwright,* 608 F.2d 183 (5th Cir. 1979), *cert. denied,* 449 U.S. 852, 101 S.Ct. 143, 66 L.Ed.2d 64 (1980).

■ Johnson also has failed to show that the trial judge abused his discretion in refusing to order a mistrial after five jurors watched, during the trial, a television news program that featured Johnson's defense counsel, Richard "Racehorse" Haynes of Houston. However, none of Haynes' remarks on the program referred to Johnson or to the events surrounding his trial. Moreover, the trial judge carefully questioned the jurors concerning the possibility of prejudice and received their assurances that the program would not influence them either way. The record reflects that both Johnson and Haynes indicated their approval of the court's handling of the matter. "Even assuming that the news accounts were prejudicial, we are convinced that individual jurors were not influenced by them, that they did not affect the jury's deliberations, and that the district court did not abuse its discretion in refusing to grant a new trial." *United States v. Reynolds,* 573 F.2d 242, 245 (5th Cir. 1978).

■ Johnson's allegations of ineffective counsel are wholly unsupported by the record. Most of his complaint amounts to charges that his attorney failed to correct errors at trial that we already have held to be insignificant or unsubstantiated, *e.g.,* the failure to correct errors in the presentence report. His insistence that his attorney failed to seek out crucial exculpatory documents is largely a reprise of past efforts before this Court. In *Johnson, supra,* 596 F.2d at 148, we reviewed sixteen documents

of his alleged "newly discovered evidence" and concluded that Johnson had had prior possession or knowledge of all but four and that even those four were insufficiently material to have affected the outcome. "In reviewing an effective assistance of counsel allegation, this Court examines the actual performance of defense counsel and does not blindly accept speculative claims, and determines on the basis of the totality of the circumstances and the entire record whether reasonably effective assistance of counsel was rendered." *Phillips, supra*, 664 F.2d at 1041. Having reviewed Johnson's claim against the record, we conclude that it must fail.

■ We may dispose of Johnson's remaining claims even more briefly. The court's refusal to dismiss Count Two of the indictment, alleging a second conspiracy, was entirely proper. We already have held that the evidence was sufficient to support a finding of two conspiracies. *Johnson, supra*, 585 F.2d at 128. The district court also correctly imposed separate, though concurrent, sentences on each count. As for the evidentiary rulings singled out for attack, Johnson once again has fallen short of demonstrating an abuse of the court's wide discretion in matters of legal relevance. *See id.* at 125. Finally, our determination that relief is unwarranted on all but one of Johnson's latest theories necessarily undercuts his argument that the record justifies reversal for "fraud on the court" and "cumulative error."

III. *Conclusion.*

No hearing is necessary on a section 2255 motion "if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record." *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981), *cert. denied*, — U.S. —, 102 S.Ct. 1989, 72 L.Ed.2d 454 (1982). With the sole exception of the vindictive prosecution issue discussed in Part I, we are satisfied from the record alone that all of the errors urged by Johnson fall into one or more of these categories. We remand this case, therefore, for supplemental findings on the possibility of vindictive prosecution. In all other respects, the judgment below is affirmed.

We retain jurisdiction so that if either party is dissatisfied with the holding of the district court on the issue of vindictive prosecution the matter will come back to this panel. In that event, the district court shall file supplemental findings of fact and conclusions of law and certify them to this Court. The parties without further leave will have the opportunity to file supplemental briefs. This will avoid the necessity of other members of the Court on another panel having to acquaint themselves with the extended course of this litigation. *See Austin v. Parker*, 672 F.2d 508, 522 (5th Cir. 1982).

AFFIRMED in part, REVERSED in part, and REMANDED with retention of jurisdiction.

<u>ON REHEARING</u>

Sua sponte the Court calls up this case for rehearing. Part I of its opinion dated June 24, 1982, 5th Cir., 679 F.2d 54, is withdrawn, together with the reversal and remand of the case to the district court.

After the panel had completed consideration of the appeal but before the slip opinion was issued, the United States Supreme Court decided *United States v. Goodwin*, — U.S. —, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). In that case the Supreme Court held it would not accept a presumption of vindictiveness when a prosecutor enhances charges after an accused declines a plea bargain. The Supreme Court required the accused to prove actual vindictiveness.

Appellant Johnson relied upon a presumption of vindictiveness in the prosecutorial enhancement of charges after he refused a plea bargain. We directed a remand for a hearing on this issue based upon earlier Supreme Court authority.

The Supreme Court decision in *Goodwin* controls this case. With no presumption of vindictiveness available to appellant Johnson, and no proof of actual prosecutorial vindictiveness, the district court's decision denying in full appellant's motion to vacate and set aside his sentence is

AFFIRMED.