**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Clark N. FISHEL, Defendant-Appellant.**

No. 84–1255.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 6, 1984.

272

Frank Ivy, Austin, Tex., for defendant-appellant.

Edward C. Prado, U.S. Atty., Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, JOHNSON and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Fishel's petition for habeas corpus relief, 28 U.S.C.A. § 2255, was denied by the district court without either an evidentiary hearing or the discovery requested by Fishel. We affirm.

I.

Fishel was convicted of aiding and abetting Bob Ludwig in the possession of cocaine with intent to distribute in violation of 18 U.S.C.A. § 2(a) and 21 U.S.C.A. § 841(a)(1). At trial, the government's witnesses testified that an informant, Jim Marlin, worked with Drug Enforcement Administration (DEA) agent Richard Braziel in establishing the case against appellant. Marlin was an associate of Ludwig. Ludwig told Marlin that he had sources for cocaine and Marlin arranged for an undercover policeman to make a purchase of cocaine from Ludwig. Appellant accompanied Ludwig and participated in the sale of cocaine to the undercover policeman. Government agents obtained an arrest warrant for Fishel and went to arrest him. These agents did not expect to find Ludwig at Fishel's place of business and had no arrest warrant for Ludwig. Upon appellant's arrest, Ludwig fled. Fishel contended that Ludwig was a government agent who entrapped him into participating in this transaction. In affirming Fishel's conviction on direct appeal, *United States v. Fishel*, 686 F.2d 1082 (5th Cir.1982), we specifically rejected this claim. We held that even if Ludwig's actions were attributable to the government, those actions, as testified to by Fishel, were insufficient to raise the entrapment defense. 686 F.2d at 1085–86.

Fishel attempts to resurrect this entrapment defense in his habeas petition. Fishel alleges, contrary to the trial testimony, that Ludwig was employed by the government to assist in this undercover operation. Fishel also alleges, contrary to statements made by the government, that Ludwig was not a fugitive from justice at the time of Fishel's trial but rather was a participant in the justice department's witness protection program. The only facts disclosed by Fishel that lead him to these conclusions concern the government's lenient treatment of Ludwig on a number of drug charges.

Fishel contends that if Ludwig's relationship to the government had been known at trial, Fishel's attempt to raise an entrapment defense would have been greatly strengthened. Fishel also contends that the prosecution violated Fishel's due process rights by knowingly introducing perjured testimony by DEA agent Braziel, *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), withholding access

to exculpatory evidence, *Ogle v. Estelle*, 641 F.2d 1122, 1124 (5th Cir.1981), and deliberately denying Fishel the ability to compel the attendance of Ludwig as a trial witness, *Freeman v. Georgia*, 599 F.2d 65, 69 (5th Cir.1979), cert. denied, 444 U.S. 1013, 100 S.Ct. 661, 62 L.Ed.2d 641 (1980). Fishel asserts that the district court's denial of his petition without either an evidentiary hearing or any discovery process was improper.

## II.

28 U.S.C.A. § 2255 requires that the district court grant an evidentiary hearing on petitioner's claim "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." A hearing is not required on claims based on unsupported generalizations, *United States v. Guerra*, 588 F.2d 519, 521 (5th Cir.1979), cert. denied, 450 U.S. 934, 101 S.Ct. 1398, 67 L.Ed.2d 363 (1981) or on claims that have been decided on direct appeal, *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir.1981), cert. denied, 456 U.S. 934, 102 S.Ct. 1989, 72 L.Ed.2d 454 (1982). Allegations of perjured testimony must be supported by substantial factual assertions capable of resolution by an evidentiary hearing. See *United States v. Johnson*, 679 F.2d 54, 57–58 (5th Cir.1982).

Fishel's claim of entrapment is precluded by our decision on direct appeal. We found Fishel's claim wanting even if Fishel's theory that Ludwig was actually a government operative were accepted.

We now turn to Fishel's argument that he was entitled to a hearing on his allegations of prosecutorial misrepresentation and other misconduct. The core of this contention is that Ludwig was a government agent or informant, and DEA agent Braziel and the assistant United States attorney representing the government knew it.

The only specific facts Fishel alleges in support of the inference he would have a factfinder draw—that Ludwig was a government agent—are his allegations of insubstantial sentences or other lenient treatment Ludwig received for drug trafficking. The direct sworn testimony of agent Braziel and statements of the government directly refute and explain the inference Fishel would have the factfinder draw from this circumstantial evidence. Additionally, Fishel's charge that agent Braziel and the government lied is conclusory and speculative.

Where, as here, allegations contained in a habeas petition are either contradicted by the record or supported by conclusory factual assertions incapable of being tested in an evidentiary hearing, no hearing is required.

AFFIRMED.