IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50059
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO FEREZ,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-96-CA-168-H
- - - - - - - - - - -
June 4, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Ferenando Ferez appeals from the district court's order denying his 28 U.S.C. § 2255 motion. He argues that the district court erred in denying his petition because the Government committed prosecutorial misconduct by allowing a key witness and confidential informant to abscond to Mexico, and he argues that the Government committed prosecutorial misconduct during closing arguments. He further argues that he should have been granted an evidentiary hearing on these claims. We have reviewed the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

record, the parties' briefs, and the district court's opinion. We find that Ferez's § 2255 motion was procedurally barred because (1) he did not establish cause for his failure to assert these errors on direct appeal, (2) nor did he establish any resulting prejudice; (3) nor did he make any assertion of manifest injustice, and (4) the Government invoked the procedural bar in the district court. *See United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991)(en banc); *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996); *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1995).

Samaniego's absence at trial was not prejudicial because Ferez's own testimony introduced the evidence of entrapment that allegedly would have been corroborated by Samaniego, but was belied by his admission under cross examination that he had agreed to the drug trafficking transaction because he thought it would be profitable. Furthermore, the prosecution's comments on closing argument did not substantially affect Ferez's right to a fair trial. They did not have a substantial prejudicial effect given the context of the entire trial and the evidence of Ferez's guilt was strong. *See United States v. Rodriguez*, 43 F.3d 117, 123-24 (5th Cir. 1994); *United States v. Garza*, 608 F.2d 659, 662 (5th Cir. 1979). Because the allegations contained in Ferez's habeas petition are contradicted by the record, and because he failed to establish cause and prejudice for failing to raise either alleged error in a direct appeal, no § 2255 hearing is

required.  *See United States v. Fishel*, 747 F.2d 271, 273 (5th Cir. 1984).

AFFIRMED.