**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**June 17, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41058
Summary Calendar

_____

GENE E. DUDLEY,

                                        Petitioner-Appellant,

versus

N. L. CONNOR, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:01-CV-187
--------------------

Before JOLLY, JONES and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Gene E. Dudley, federal prisoner # 10961-045, commenced this
28 U.S.C. § 2241 action challenging, _inter alia_, a November 2,
2000, disciplinary hearing which found him guilty of disobeying
an order.  As a result of this proceeding, Dudley lost 13 days of
good-time credit.  The district court denied the petition as it
related to the disciplinary hearing and dismissed the petition as
to Dudley's remaining claims for failure to exhaust his
administrative remedies.  Dudley argues that the district court

---

    [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

erred in denying his requests for discovery and an evidentiary hearing. He contends that his due process rights were violated when the disciplinary hearing officer cut off his staff representative's statement and did not allow him to present his report. Dudley requests the appointment of counsel on appeal and asks this court to take judicial notice of his petition for a writ of mandamus.

Dudley admits that he was able to present testimony at the disciplinary hearing and the witness that he requested testified. Even assuming that the disciplinary hearing officer cut off his staff representative before he finished making his statement, Dudley's conclusory allegations, which do not identify any exculpatory information that the staff representative could have provided, do not establish that he was not able to adequately present his case at the disciplinary hearing. Therefore, he has not stated a constitutional claim. See Wolff v. McDonnell, 418 U.S. 539, 564-66, 570 (1974). Likewise, Dudley's assertion that the district court erred in denying his motions for an evidentiary hearing and discovery are without merit. See United States v. Fishel, 747 F.2d 271, 273 (5th Cir. 1984). The district court's judgment is affirmed.

Dudley's motions for judicial notice and for the appointment of counsel are denied.

AFFIRMED; MOTIONS DENIED.