

**FILED**
December 10, 2024 10:06 AM
SX-2023-MC-00063
**TAMARA CHARLES**
**CLERK OF THE COURT**

IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| ANGEL L. PARRILLA JR.,<br><br>          **Petitioner,**<br><br>     v.<br><br>THE PEOPLE OF THE VIRGIN ISLANDS; ALBERT BRYAN, JR., GOVERNOR; OFFICE OF THE ATTORNEY GENERAL; WYNNIE TESTAMARK, DIRECTOR, VIRGIN ISLANDS BUREAU OF CORRECTIONS; DANA GRANT, ACTING WARDEN, JOHN A. BELL CORRECTIONAL FACILITY,<br><br>          **Respondents.** | **CASE NO. SX-2023-MC-00063**<br><br>**PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**2024 VI SUPER 53U** |

## MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

¶ 1    THIS MATTER is before the Court on Petitioner Angel L. Parrilla Jr.'s ("Parrilla") Petition for Writ of Habeas Corpus ("Petition"), filed December 12, 2023.[1] Because the Court finds that Petitioner does not state a prima facie case for relief, his Petition will be denied.

### BACKGROUND

¶ 2    Petitioner was convicted, following a jury trial conducted July 22-25, 2019 (SX-2018-CR-00003) of Murder in the Second Degree, Unauthorized Possession of a Firearm During the Commission of a Crime of Violence, Assault in the First Degree, Possession of Ammunition, Reckless Endangerment, Discharging or Aiming a Firearm, with regard to an incident that occurred on or about January 6, 2018 in which Curtis Phipps was killed. Parrilla was sentenced to a term of twenty-eight (28) years incarceration on the murder count, and lesser terms to be served concurrently on the other counts, by Order of Judgment and Commitment entered March 17, 2020. Parrilla did not file a direct appeal of his conviction to the Supreme Court of the Virgin Islands.

---

[1] Petitioner filed his *pro se* Petition on a standardized "fill in the blanks" Form VI-AO-241, a form of the District Court of the Virgin Islands citing 28 U.S.C. § 2254 as the statutory basis for relief sought. Giving broad latitude to the filings of *pro se* litigants, the Court accepts and considers the Petition as properly filed, seeking relief pursuant to 5 V.I.C. § 1301 *et seq.*

*Parrilla v. People et al.*; SX-2023-MC-00063
Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus
Page 2 of 12
2024 VI SUPER 53U

¶ 3      Petitioner seeks relief on three separate grounds: (1) Violation of 6th Amendment Constitutional right to effective assistance of counsel; (2) Violation of 14th Amendment Constitutional due process right to proper jury instructions; and (3) newly discovered evidence. Petitioner requests that the Court remand the case for a new trial or other relief. Petition, at 17.

¶ 4      On Ground One, Parrilla alleges a violation of his 6th Amendment right to effective assistance of counsel, based upon appointed counsel's inadequate pre-trial investigation, failure to establish possible defenses, lack of meaningful discussions or adequate contact with Petitioner, failure to "subpoena Defendant's witnesses, interview any of the listed witnesses, conduct an independent search for witnesses or properly cross examine the government's witness at trial," as well as counsel's failure to "request that the court instruct the jury of the lesser offense of manslaughter." *Id.* at 7. Had the defense "been fully investigated and developed, the jury might well have been convinced that the defendant acted 'without malice aforethought.'" *Id.*

¶ 5      On Ground Two, Petitioner alleges that his 14th Amendment right to due process was violated because the trial court failed to properly instruct the jury on Count II of the Information. That count charged Murder in the First Degree (felony murder in violation of 14 V.I.C. § 922(a)(2)). Although the trial court instructed the jury on the lesser included offense of Murder in the Second Degree, on which Petitioner was convicted, no instruction was requested or given on the lesser included offense of Voluntary Manslaughter (14 V.I.C. § 924(1)). *Id.* at 9.

¶ 6      Petitioner's final Ground Three alleges that the Court should grant relief due to newly discovered evidence, consisting of a sworn affirmation from Kysian Nicholas ("Nicholas"), signed and notarized September 11, 2023. By his affirmation, Nicholas claims that he was an eyewitness to the incident involving Parrilla on or about January 6, 2018, that he "witnessed Angel Parrilla walking away but was grabbed by the arm by the deceased and at that point a fight broke out. I witnessed Angel Parrilla and the deceased struggling over a weapon and that's when I removed myself from the scene." Petition, Addendum.

## JURISDICTION AND STANDARD OF REVIEW

¶ 7      This Court has jurisdiction under 5 V.I.C. § 1301 *et seq.* that permits persons unlawfully imprisoned or restrained to prosecute a writ of habeas corpus. The pleadings of *pro se* litigants "are interpreted 'with considerable lenience because [they] lack formal legal training' and that 'it is [our] policy to give *pro se* litigants greater leeway in dealing with matters of procedure and pleading.'" *Clarke v. Lopez*, 73 V.I. 512, 516 (V.I. 2020) (quoting *Marsh-Monsanto v. Clarenbach*, 66 V.I. 366, 376 (V.I. 2017)). It has been long recognized that "*pro se* litigants are to be accorded substantial justice despite any defects in the pleadings." *Creque v. Roebuck*, 16 V.I. 197, 208 (V.I. Terr. Ct. 1979) (citations omitted).

¶ 8      The Revised Organic Act provides that "[a]ll persons shall have the privilege of the writ of habeas corpus and the same shall not be suspended except as herein expressly provided." Revised

*Parrilla v. People et al.*; SX-2023-MC-00063
Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus
Page 3 of 12                                                    2024 VI SUPER 53U

Organic Act of 1954 § 3; 48 U.S.C. § 1561. Title 5 V.I.C. § 1303 and V.I. H.C.R. 1(c) grant the Superior Court of the Virgin Islands authority to hear petitions for writ of habeas corpus. "Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint." 5 V.I.C. § 1301. "Any person who believes he or she is unlawfully imprisoned or detained in custody, confined under unlawful conditions, or otherwise unlawfully restrained of his or her liberty, may file a petition for a writ of habeas corpus to seek review of the legality of that imprisonment or detention." V.I. H.C.R. 2(a)(1).

¶ 9     "The United States Supreme Court has repeatedly held that, at a minimum, the common law writ of habeas corpus encompasses a right to remedy constitutional violations." *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 297 (V.I. 2014). Because the presumption of innocence does not apply during habeas proceedings, "[w]hen a defendant seeks to challenge the determination of guilt after he has been validly convicted and sentenced, it is fair to place on him the burden of proving his innocence, not just raising doubt about his guilt." *Fahie v. Gov't of the V.I.*, 73 V.I. 443, 452 (V.I. 2020) (quoting *Herrera v. Collins*, 506 U.S. 390, 443 (1993)).

¶ 10    The Virgin Islands Habeas Corpus Rules provide:

> When presented with a petition for a writ of habeas corpus, within the period(s) specified in this Rule the Superior Court must first determine whether the petition states a prima facie case for relief -- that is, whether it states facts that, if true, would entitle the petitioner to discharge or other relief -- and, in its discretion, may also determine, after providing the petitioner with reasonable notice and a right to be heard, whether the stated claims are for any reason procedurally or substantively barred as a matter of law.

V.I. H.C.R. 2(b)(1).

> The court must issue a writ of habeas corpus if the petitioner has alleged, prima facie, grounds showing entitlement to relief and the claims are not legally barred. In assessing whether the petitioner would be entitled to relief if the factual allegations were proved, the court must take petitioner's factual allegations as true. The court does not determine at this stage whether the petitioner is entitled to discharge or any other form of remedy if habeas corpus relief is ultimately granted. The issuance of a writ of habeas corpus under this Rule is an intermediate step pursuant to 5 V.I.C. § 1304 which does not award any of the relief sought in the petition, but requires the respondent to file a return, responding to the petition.

V.I. H.C.R. 2(d)(1).

¶ 11    A petition for writ of habeas corpus must satisfy the following requirements:

> (1) It shall specify that the person in whose behalf the writ is applied for is imprisoned or restrained of his liberty and the officer or person by whom, and the place where, he is so confined or restrained, naming all the parties, if they are known, or describing them, if they are not known.

*Parrilla v. People et al.*; SX-2023-MC-00063
Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus
Page 4 of 12                                                              2024 VI SUPER 53U

(2) If the imprisonment is alleged to be illegal, the petition shall state in what the alleged illegality consists.

(3) The petition shall be verified by the oath of the party making the application.

5 V.I.C. § 1302.

¶ 12    Applying these standards, the Court must analyze whether Parrilla's Petition meets his burden of stating a prima facie case, thereby requiring Respondents to file a return to support the lawfulness of Parrilla's incarceration.

## ANALYSIS

¶ 13    The Petition must state where Petitioner is imprisoned and must be directed to the persons having custody of Petitioner. *See* 5 V.I.C. §§ 1305 and 1302(1). The Petition satisfies these provisions by stating that Parrilla is imprisoned at Tallahatchie County Correctional Facility and names as Respondents the People of the Virgin Islands, Governor Albert Bryan Jr., the Office of the Attorney General, Virgin Islands Bureau of Corrections Director Wynnie Testamark, and Acting Warden of John. A. Bell Correctional Facility Dana Grant.[2] Petitioner's claim is not procedurally barred and, presented under penalty of perjury, satisfies the requirement under 5 V.I.C. § 1302(3) that it be verified by oath.

¶ 14    The Petition must state a prima facie case for relief regarding the alleged illegal imprisonment. *See* 5 V.I.C. § 1302(2). The Court must determine whether the Petition "states facts that, if true, entitle the petitioner to relief ...." *Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 311 (V.I. 2014) (internal quotation marks omitted). Petitioner's three grounds for relief are addressed in the order presented.

---

[2] A petition for writ of habeas corpus must specify, *inter alia,* "the officer or person by whom" the petitioner is imprisoned or restrained. 5 V.I.C. § 1302(1). The People of the Virgin Islands and the Office of the Attorney General may not be properly named as Respondents herein. The Attorney General is charged with the duty "to prosecute in the name of the People of the Virgin Islands, offenses against the laws of the Virgin Islands," but has neither the power nor the duty to imprison or restrain persons convicted of criminal offenses. 3 V.I.C. § 114(a)(3). By the Judgment and Commitment herein, Petitioner was "remanded to the care, custody and control of the Bureau of Corrections." The Bureau of Corrections is "an independent bureau within the Executive Branch of the Government" and "exercise[s] general control over persons arrested, detained, or sentenced by a court of law." 5 V.I.C. § 4503(a); 3 V.I.C. §§ 372, 375(a). The BOC Director and Acting Warden are proper Respondents notwithstanding that Petitioner is housed at the Tallahatchie County Correctional Facility. ("Commitment to institutions within the jurisdiction of the Bureau shall be to the Bureau, not to a particular institution. The Director of Corrections shall assign a newly committed inmate to an appropriate institution. He may transfer an inmate from one institution to another, consistent with the commitment and in accordance with treatment, training and security needs." 5 V.I.C. § 4505.) The Governor, as chief executive officer of the Government is also a proper Respondent. The *pro se* Petition is addressed on its merits and the possible erroneous inclusion of the People of the Virgin Islands and the Office of the Attorney General in the caption is of no effect.

*Parrilla v. People et al.*; SX-2023-MC-00063
Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus
Page 5 of 12                                                              2024 VI SUPER 53U

¶ 15    GROUND ONE: Ineffective assistance of counsel - 6th Amendment violation. The Petition alleges:

> The appointed counsel failed to conduct an adequate pre-trial investigation into the defendant's version of events regarding the crime and failed to establish possible defenses which resulted in the deprivation of the constitutionally guaranteed right to effective assistance of counsel. Furthermore, Defense counsel limited his pre-trial investigation to discussions with the prosecuting attorney whilst having no meaningful discussions or adequate contact with defendant prior to trial. Counsel also failed to subpoena Defendant's witnesses, interview any of the listed witnesses, conduct an independent search for witnesses or properly cross examine the government's witness at trial. Had the situation been fully investigated and developed, the jury might well have been convinced that the defendant acted "without malice aforethought" and it was counsel's further ineffectiveness in failing to request that the court instruct the jury of the lesser offense of manslaughter.

Petition, at 7.

¶ 16    Petitioner's 6th Amendment right to effective assistance of counsel "applies to the Virgin Islands through Section 3 of the Revised Organic Act of 1954." *Maynard v. Gov't of the Virgin Islands*, 77 V.I. 369, 384 (V.I. Super. Ct. 2023) (citing Revised Organic Act of 1954, § 3; 48 U.S.C. § 1561). To prevail on an ineffective assistance of counsel claim, Petitioner must demonstrate that (1) trial counsel's "performance fell below an objective standard of reasonableness," and that (2) trial counsel's "deficient performance prejudiced [the defendant], resulting in an unreliable or fundamentally unfair outcome in the proceeding." *Burke v. Prosper*, 70 V.I. 866, 874 (V.I. 2019) (internal citations omitted).

¶ 17    Regarding the first prong, "the defendant has the burden of overcoming the presumption that the allegedly defective performance was a part of sound trial strategy." *Francis v. People*, 57 V.I. 201, 238 (V.I. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 689-90 (1984)). A habeas petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Ibrahim v. Gov't of the V.I.*, 2008 V.I. Supreme LEXIS 20, *5 (V.I. Jan. 18, 2008) (quoting *Strickland*, 466 U.S. at 690).

¶ 18    Petitioner's primary argument here is that his trial counsel failed to adequately investigate his case. The Supreme Court of the Virgin Islands has explained:

> An attorney's performance is only defective for failure to investigate or call a witness where the witness's testimony would have "provided a viable defense." *Carillo v. United States*, 995 F. Supp. 587, 591, 38 V.I. 258 (D.V.I. 1998). Indeed, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland v. Washington*, 466 U.S. 668, 691, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Where trial counsel may have had "reason to believe that

*Parrilla v. People et al.*; SX-2023-MC-00063
Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus
Page 6 of 12                                                      2024 VI SUPER 53U

pursuing investigations would be fruitless or even harmful," the decision not to investigate cannot "later be challenged as unreasonable." *Id.*

*Suarez v. Gov't of the Virgin Islands*, 56 V.I. 754, 763-64 (V.I. 2012).

¶ 19    In reviewing whether the Petition makes a prima facie showing that trial counsel's performance was objectively unreasonable, Petitioner's sworn allegations alone are before the Court. Parrilla claims that counsel failed to investigate his claims, failed to interview or subpoena witnesses, including eyewitness Nicholas, failed to have any meaningful contact or discussions with Parrilla prior to trial, and failed to adequately cross-examine witnesses. The Petition does not set forth specific facts to question the reasonableness of trial counsel's judgment and trial strategy, including how counsel should have investigated and who he should have interviewed or subpoenaed. Neither does the Petition explain which witnesses, and how, counsel should have properly cross examined. Rather, Petitioner presents conclusory statements without detail as to through whom and how the defense would have been able to present evidence of "a viable defense."

¶ 20    Yet, even recognizing the heavy measure of deference afforded counsel's performance, at this stage of the proceedings, the Court accepts the Petition as presenting facts that, arguably, through Nicholas's testimony may have provided a viable defense, at least as to the element of malice aforethought on the felony murder count. As to the first prong of his ineffective assistance claim, the Court accepts that Petitioner has made an adequate presentation that counsel's performance was deficient, falling below an objective standard of reasonableness.

¶ 21    As to the second prong of presenting a prima facie claim of ineffective assistance of counsel, Petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Corraspe v. People*, 53 V.I. 470, 479-80 (V.I. 2010) (internal citation omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "[A] court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Id.*

¶ 22    Petitioner's allegations must be supported by specific facts to establish a prima facie case:

> Therefore, we clarify that a petitioner must make allegations that, if later proven true, would entitle him to habeas relief, and these allegations must also have specific factual support to sufficiently state a prima facie case warranting granting of the writ of habeas corpus. Consequently, a factually unsupported allegation is insufficient to state a prima facie case and entitle a petitioner to habeas relief. *See United States v. Fishel*, 747 F.2d 271, 273 (5th Cir. 1984) ("Allegations ... must be supported by substantial factual assertions capable of resolution by an evidentiary hearing.").

*Woodrup v. Gov't of the Virgin Islands*, 75 V.I. 495, 502 (V.I. 2022).

*Parrilla v. People et al.*; SX-2023-MC-00063
Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus
Page 7 of 12                                                    2024 VI SUPER 53U

¶ 23    The only specific facts that Petitioner presents are set out in the Nicholas affirmation wherein Nicholas states that he witnessed Parrilla and Curtis Phipps arguing, that Parrilla began to walk away but Phipps grabbed him by the arm, and a fight broke out as the two struggled over a weapon. Nicholas then left the scene and saw no more.

¶ 24    The Nicholas affirmation states in full:

> I Kysian Nicholas from St Croix who was born on December 3, 1994 swear and hereby affirm that I was an eyewitness to the incident involving Angel Parrilla on or about 1/6/18. On the night of the incident I witnessed the conflict between Angel Parrilla and the deceased. I didn't know what was being said but by their actions I knew they were arguing. I witnessed Angel Parrilla walking away but was grabbed by the arm by the deceased and at that point a fight broke out. I witnessed Angel Parrilla and the deceased struggling over a weapon and thats [sic] when I removed myself from the scene. No one has coherent [sic] me to make this statement I am also willing to do so under oath in a court of law.

Petition, Addendum.

¶ 25    To determine whether the Petition demonstrates a reasonable probability that the trial result would have been different but for counsel's lack of effectiveness, including the failure to present Nicholas as a trial witness, consideration of the totality of the evidence before the jury is necessary. *See Strickland,* 466 U.S. at 695. The trial court's Memorandum Opinion on Parrilla's post-trial Rule 29 Motion for Judgment of Acquittal describes the evidence the jury considered in convicting Petitioner on Count II of Murder in the Second Degree, including that of another eyewitness:

> Juan Bautista (hereinafter "Bautista") was working a gambling booth at Festival Village the night Curtis Phipps was shot. He testified that Phipps and Parrilla were both playing at the booth. After a round of play. Bautista heard a commotion and turned around to see that Parrilla had moved from where he had been playing and was grappling with Phipps. Bautista also saw Parrilla's shirt lifted up and that there was a revolver in his waistband. Bautista testified that he saw Parrilla reach for the gun and Phipps try to stop him from pulling it out. Parrilla punched Phipps, who stumbled back. The gun fell to the ground and Parrilla picked it up and shot Phipps, who had his back to Parrilla. Bautista further testified that Parrilla approached Phipps while he was on the ground and fired twice more, for a total of three shots. Parrilla then put the gun back in his waistband and ran away.

*People v. Parrilla,* 2019 VI SUPER 173U, ¶ 9 (V.I. Super. Ct. 2019).

¶ 26    Bautista testified that Parrilla pulled up his shirt and showed Phipps that he had a gun and Phipps lunged for it. The men began wrestling for the gun, it dropped to the ground, Parrilla picked it up and Phipps again lunged for the gun. *Id.* at ¶ 10.

¶ 27    The EMT dispatched to attend to Phipps after he was shot testified that Phipps had a puncture wound to his back and that he required CPR all the way to the hospital. Other evidence introduced indicates that Phipps died that night of his injuries. *Id.* at ¶ 11.

*Parrilla v. People et al.*; SX-2023-MC-00063
Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus
Page 8 of 12                                                    2024 VI SUPER 53U

¶ 28    Beyond Petitioner's conclusory allegations, the only specific evidence he claims would have been presented to the jury with adequate trial representation is the testimony of Nicholas. But the proposed testimony of Nicholas compliments and does not in any substantive manner contradict Bautista's testimony and the evidence before the jury. Both Nicholas and Bautista describe an argument leading to a physical struggle over a gun. Nicholas affirms, "I witnessed Angel Parrilla and the deceased struggling over a weapon and thats [sic] when I removed myself from the scene."

¶ 29    In assessing Parrilla's ineffectiveness claim, we "must consider the totality of the evidence before the … jury." *Strickland,* 466 U.S. at 695. Considering the totality of that evidence, Phipps and Parrilla fought, they wrestled for the gun before Parrilla shot Phipps in the back and twice more while Phipps was on the ground. The testimony of Nicholas would have added nothing. Since Nicholas removed himself from the scene before the shooting, Nicholas could not have testified that the gun discharged as Parrilla and Phipps struggled over it, or otherwise that the killing occurred upon a sudden quarrel or in the heat of passion. The jury had the opportunity to consider all the evidence as to the manner and method of the killing that it would have heard even if Nicholas had testified. The evidence, with or without Nicholas's testimony, was that Parrilla shot Phipps in the back and then a second and third time when Phipps was on the ground. Given the totality of the evidence, had trial counsel called Nicholas as a witness, there is not a reasonable probability that the result of the case would have been different. *See Corraspe*, 53 V.I. at 479-80. Parrilla's claim fails because it cannot be said that there is "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland,* 466 U.S. at 695.

¶ 30    Petitioner further claims that, in addition to failing to investigate and identify Nicholas prior to trial, his 6th Amendment right to competent representation was violated by counsel's failure to request that the jury be instructed on voluntary manslaughter as a lesser included offense of Count II that charged Murder in the First Degree (14 V.I.C. § 922(a)(2) – felony murder). The parties agreed that the court's instructions to the jury on Count I (Murder in the First Degree – premeditated, 14 V.I.C. § 922(a)(1)) include the lesser included offenses of Murder in the Second Degree and Voluntary Manslaughter. *People v. Parrilla*, 2019 VI SUPER 173U, ¶ 3 (V.I. Super. Ct. 2019).

¶ 31    However, the jury instructions agreed by the parties for Count II included only the lesser included offense of Murder in the Second Degree, but not Voluntary Manslaughter. The jury acquitted Parrilla on Count I of the charged offense and both lesser included offenses, found him not guilty of Murder in the First Degree in Count II, but found him guilty of Murder in the Second Degree, the only lesser included offense of Count II on which the jury was instructed.

¶ 32    Voluntary manslaughter is "the unlawful killing of a human being without malice aforethought. … upon a sudden quarrel or heat of passion." 14 V.I.C. § 924(1). Parrilla posits that had Nicholas been called as a witness and testified consistent with his present affirmation, he was entitled to an instruction on voluntary manslaughter as the lesser included offense of Count II, and

*Parrilla v. People et al.*; SX-2023-MC-00063
Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus
Page 9 of 12
2024 VI SUPER 53U

that counsel's failure to move for such an instruction deprived him of his right to effective representation. Without that instruction, Parrilla claims that the jury was deprived of the means to find him guilty of voluntary manslaughter for the unlawful killing of Curtis Phipps, without malice aforethought, upon a sudden quarrel or heat of passion.

¶ 33    As reviewed above, Nicholas' affirmation and his potential testimony would not have contradicted the totality of the evidence before the jury as to the facts of the killing - Parrilla shot Phipps in the back and twice more as he lay on the ground. Taking Petitioner's factual allegations as true, those facts presented by the Nicholas affirmation would not entitle Parrilla to relief.

¶ 34    Had trial counsel called Nicholas as a witness and requested a voluntary manslaughter jury instruction for Count II, in light of all the evidence before the jury, it cannot be said there is a reasonable probability that the jury would have determined that the killing occurred upon a sudden quarrel or heat of passion and that the outcome of the case may have been different.[3] Parrilla concedes as much in his Petition, noting that he can only speculate that different professional choices by counsel would have made a difference. "Had the situation been fully investigated and developed, the *jury might well have been convinced* that the defendant acted 'without malice aforethought.'" Petition, at 7 (emphasis added).

¶ 35    Petitioner has failed to establish a prima facie case by presenting "specific factual support" that, if proven, could entitle him to relief on his ineffective assistance of counsel claim, and the Petition will be denied as to that claim.

¶ 36    GROUND TWO: Trial court's failure to instruct on the lesser included offense of voluntary manslaughter in Count II - 14th Amendment due process violation.

Petitioner claims that his 14th Amendment due process rights were violated by the court's failure to instruct the jury on Count II of the lesser included offense of Voluntary Manslaughter. On Count I, Petitioner was acquitted of the charged offense and both lesser included offenses, including Voluntary Manslaughter. But, on Count II, the jury found Parrilla not guilty of the charged offense, but guilty of the only lesser included offense offered, that of Murder in the Second

---

[3] The Court notes that "there may be circumstances where a defendant's failure to request an instruction on lesser included offenses can be proper trial strategy, such as when the defendant is pursuing an 'all or nothing' strategy because he believes that the State has not successfully proven the elements of a charged offense." *Perkins v. Phelps*, 2012 U.S. Dist. LEXIS 68801, at * 33-34 (D. Del. May 16, 2012). It is worthy of note that trial counsel did not ignore the issue of the proper instructions as to Count II. Prior to trial, counsel presented his written Proposed Modification of Murder First Degree Jury Instruction and Revised Proposed Modification of Murder First Degree Jury Instruction, substantively addressing distinctions between the elements of first-degree and second-degree murder. *See* VI Judiciary CMS, Docket entries 127, 131 (SX-2018-CR-00003). At this stage in the habeas proceedings, the record before this Court is silent as to whether counsel's failure to seek a voluntary manslaughter instruction as to Count II was strategic or otherwise. However, for the reasons stated the result is unchanged.

*Parrilla v. People et al.*; SX-2023-MC-00063
Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus
Page 10 of 12                                              2024 VI SUPER 53U

Degree. No Voluntary Manslaughter instruction was given and that lesser included offense was not available for the jury's consideration on the verdict form for Count II.

¶ 37    Because Petitioner's trial counsel did not request an instruction to the jury on the lesser included offense of Voluntary Manslaughter for Count II and did not object to its exclusion from the final the jury instructions, review of the trial court's instructions is for plain error. *See Roebuck v. Gov't of the V.I.*, 75 V.I. 260, 267 (V.I. 2021).

¶ 38    In the context of an appeal alleging that the trial court erred in failing to give a lesser included offense instruction where none was requested by counsel, the Supreme Court has defined the standard for plain error as:

> an error, that was plain, that affected the defendant's substantial rights. But [e]ven then, this Court will only reverse where the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Moreover, any claim that the trial court gave an improper instruction will rarely justify reversal of a criminal conviction where a party fails to preserve a charging error by objecting at trial.

*Velazquez v. People*, 65 V.I. 312, 323 (V.I. 2016) (citations and internal quotations omitted).

¶ 39    Jury instruction of a lesser included offense is only appropriate "when the evidence warrants that instruction." *Codrington v. People*, 57 V.I. 176, 194 (V.I. 2012). The United States Supreme Court informs that a "defendant is entitled to an instruction on a lesser included offense [only] if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." *Keeble v. United States*, 412 U.S. 205, 208 (1973). "[F]or a jury to convict a defendant on a lesser included offense that is not charged in the information, there must be 'a reasonable ground of doubt' for the jury to find that the defendant committed the lesser offense but not the higher offense." *Phipps v. People*, 54 V.I. 543, 550-51 (V.I. 2011) (quoting 5 V.I.C. § 3635).

¶ 40    At trial, Kysian Nicholas did not testify, and the information set out in his affirmation was not before the trial court. The trial evidence consisted of testimony from Juan Bautista that Petitioner "was grappling with Phipps. ... that he saw Parrilla reach for the gun and Phipps try to stop him from pulling it out. Parrilla punched Phipps ... The gun fell to the ground and Parrilla picked it up and shot Phipps, who had his back to Parrilla." *People v. Parrilla*, 2019 VI SUPER 173U, ¶ 9. "Bautista further testified that Parrilla approached Phipps while he was on the ground and fired twice more, for a total of three shots." *Id.*

¶ 41    Based upon the trial evidence, the trial court's failure to *sua sponte* determine to present to the jury a voluntary manslaughter lesser included offense instruction on Count II, without request of Parrilla's counsel, did not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." Therefore, Petitioner has not established a prima facie case for habeas relief that the trial court's failure to include a lesser included voluntary manslaughter charge to the jury on Count II violated his 14th Amendment rights, and the Petition will be denied as to that claim.

*Parrilla v. People et al.*; SX-2023-MC-00063
Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus
Page 11 of 12                                                                     2024 VI SUPER 53U

¶ 42    GROUND THREE: Newly discovered evidence.

Ground Three alleges that Parrilla is entitled to relief due to newly discovered evidence that was unknown at the time of trial and could not have been discovered due to counsel's ineffectiveness and "would have possibly" resulted in a different verdict. Petition, at 10. The new evidence consists of the Nicholas affirmation, signed and notarized September 11, 2023. By the affirmation, Nicholas claims that he was an eyewitness to the subject incident and that he "witnessed Angel Parrilla walking away but was grabbed by the arm by the deceased and at that point a fight broke out. I witnessed Angel Parrilla and the deceased struggling over a weapon and thats [sic] when I removed myself from the scene."

¶ 43    "The Supreme Court has recently confirmed that newly discovered evidence may entitle an incarcerated petitioner to relief pursuant to 5 V.I.C. §1314(2)."[4] *Frett v. Gov't of the V.I.*, 2024 VI SUPER 28, ¶ 18 (V.I. Super. Ct. 2024) (citing *Fahie*, 73 V.I. at 451). "To prevail on a claim of newly discovered evidence, a petitioner must identify evidence that is so conclusive and so persuasive that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. This standard is extremely high." *Williams v. People*, 2024 VI 2, ¶ 26 (V.I. 2024) (citations and internal quotation omitted).

¶ 44    Parrilla's newly discovered evidence consisting of the Nicholas affirmation does not set forth facts that, if proven, would entitle Petitioner to habeas relief. The only additional "new" information the statement provides that was unknown at trial is that Nicholas "witnessed Angel Parrilla walking away" from Phipps, who grabbed him by the arm, "and at that point a fight broke out." The trial court's Memorandum Opinion denying Petitioner's Rule 29 motion set out in detail

---

[4] Title 5 V.I. Code § 1314 provides:

> If it appears on the return of the writ that the prisoner is in custody by virtue of process from any court or judge or officer thereof, such prisoner may be discharged in any of the following cases, subject to the restriction of section 1313 of this title:
>
> > (1) When the jurisdiction of such court or officer has been exceeded.
> > (2) When the imprisonment was at first lawful, yet by some act, omission, or event which has taken place afterwards, the party has become entitled to a discharge.
> > (3) When the process is defective in some matter of substance required by law rendering such process void.
> > (4) When the process, though proper in form, has been issued in a case not allowed by law.
> > (5) When the person having custody of the prisoner is not the person allowed by law to detain him.
> > (6) Where the process is not authorized by any order, judgment or decree of any court, nor by any provision of law.
> > (7) Where a party has been committed on a criminal charge without reasonable or probable cause.

5 V.I.C. § 1314.

*Parrilla v. People et al.*; SX-2023-MC-00063
Memorandum Opinion and Order Denying Petition for Writ of Habeas Corpus
Page 12 of 12                                                                 2024 VI SUPER 53U

the trial testimony of Juan Bautista, as reviewed above. That evidence was sufficient to support the conviction of Petitioner of Murder in the Second Degree.

¶ 45    Viewing that trial evidence, Nicholas' affirmation, stating that Phipps grabbed Parrilla's arm while Parrilla was walking away and a fight over Parrilla's weapon is not "so conclusive and so persuasive that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." While the affirmation provides counterevidence to the evidence introduced at trial, it is not so conclusive a reasonable juror would necessarily acquit Petitioner.

¶ 46    In this habeas proceeding, it is not enough for Petitioner to raise doubt as to his guilt, but instead Petitioner must prove his innocence. *See Fahie*, 73 V.I. at 452 (quoting *Herrera v. Collins*, 506 U.S. 390, 443 (1993)). Because he has failed to do so here by presentation of the Nicholas affirmation, the Petition fails to state a prima facie case for relief on the grounds of newly discovered evidence under 5 V.I.C. § 1302(2), and the Petition will be denied as to that claim.

## CONCLUSION

¶ 47    For the reasons set forth herein, the Court finds that Petitioner has not stated a prima facie case for habeas corpus relief regarding his ineffective assistance of counsel claim; his claim that he was denied due process by the trial court's failure to instruct the jury on the lesser included offense of Voluntary Manslaughter on Count II; or his claim that the newly discovered evidence of the Nicholas affirmation entitles him to relief.

In light of the foregoing, it is hereby

ORDERED that Parrilla's Petition for Writ of Habeas Corpus is DENIED, and this matter is CLOSED.

SO ORDERED this ___*10*___ day of December, 2024.

_____
DOUGLAS A. BRADY, JUDGE

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

By: _____
Court Clerk